623 So.2d 1268 (1993)
O. William REEDER
v.
The SUCCESSION OF Michael B. PALMER, Lynn Paul Martin, Individually and d/b/a LPM Enterprises and Bank of La-Place.
Nos. 92-C-2965, 92-C-3002.
Supreme Court of Louisiana.
September 3, 1993.
Rehearing Denied October 7, 1993.
*1269 Ellis B. Murov, Robert E. Kerrigan, John F. Willis, Deutsch, Kerrigan & Stiles, New Orleans, for applicant.
Stephen W. Rider, McGlinchey, Stafford, Cellini & Lang, New Orleans, Joseph Accardo, Jr., Bruce A. North, Lynn P. Martin, Accardo, Edrington & Golden, La Place, for respondent.
DENNIS, Justice.[*]
The question before us is whether this state court action is barred by res judicata because of a prior federal court judgment in the defendants' favor in a suit based on the same factual transaction or wrong as the *1270 instant case. Reeder sued for damages in federal court under federal securities statutes as the result of an alleged Ponzi or pyramid scheme perpetrated by Martin, Palmer, and others, and included a pendent state securities law claim (Reeder I). The federal district court dismissed Reeder's case with prejudice for failure to state a claim on the ground that post-dated checks, issued to Reeder in return for his investments in a bogus air travel business, did not qualify as "securities" or "investment contracts" under federal or Louisiana securities law. Reeder v. Succession of Palmer, 736 F.Supp. 128 (E.D.La.1990). The federal court of appeal affirmed without opinion. Reeder v. Succession of Palmer, 917 F.2d 560 (5th Cir.1990).
Reeder then sued Martin and Palmer in a virtually identical action in state court, with the exceptions that his petition did not rely on federal statutes and included not only state securities claims, but also state contract, tort and unfair trade practices claims. (Reeder II). The state trial court sustained the defendants' exceptions of res judicata and no cause of action, and dismissed Reeder's case with prejudice. The state court of appeal affirmed in part and reversed in part, holding that the federal court's dismissal of the state securities law claim operated as an adjudication on the merits for res judicata purposes, that the state tort claims had prescribed, that the state unfair trade practices claim was perempted, but that, although Reeder failed to state a cause of action in contract, his state law claim on this ground was not barred by res judicata and, therefore, he would be allowed an opportunity to amend his petition to remedy this deficiency. Reeder v. Succession of Palmer, 604 So.2d 1070 (La.App. 5th Cir.1992).
We reverse the court of appeal judgment in part and reinstate the trial court's judgment dismissing Reeder's state case with prejudice. The federal court had pendent jurisdiction over all of Reeder's state law claims because they arose out of the same transaction or wrong as those presented in the federal proceeding. Therefore, Reeder was obligated to file in his first suit all the legal theories he wished to assert. The res judicata effect of the federal court judgment precludes the omitted state law claims because it is not clear that the federal district court would have declined to exercise pendent jurisdiction over them.

1. BACKGROUND
Dr. O. William Reeder filed a complaint in federal court alleging that Lynn Paul Martin, the late Michael B. Palmer, and others had defrauded him in violation of federal and Louisiana securities laws by operating an alleged Ponzi or pyramid scheme. (hereinafter Reeder I). Reeder's complaint specifically requested that the federal district court exercise pendent jurisdiction over plaintiff's factually-related state securities law claim filed in the federal proceeding.
According to Reeder's complaint, Palmer initially persuaded him in October of 1986 to invest in Martin's "travel club" and thereafter acted as intermediary between him and Martin. Palmer and Martin allegedly solicited funds from individuals to purchase blocks of advance airline tickets for groups taking gambling trips to Las Vegas casinos, for which the casinos were to reimburse Martin and pay a commission. Martin purportedly promised to return all of the funds invested plus interest at the rate of 6% per month on the total invested. In reality, the "travel club" never engaged in legitimate business, and when the club repaid capital contributions and so-called dividends, the money was covertly taken from capital invested by other victims of the scheme. Reeder alleged that with each investment he received two post-dated checks drawn on Martin's account with the Bank of LaPlace; one check represented a return of principal, and the other represented a fixed interest payment. Reeder's complaint stated that over the course of one and one-half years, he invested approximately $245,000 in Martin's "travel club" and received only $68,000 in return, for a net loss of $185,000.
In April of 1988, Martin turned himself in to federal authorities and confessed to having operated a Ponzi scheme in violation of federal securities laws. Martin was indicted and pleaded guilty to federal criminal charges in connection with that scheme. See United States v. Lynn Paul Martin, No. 89-390 "C"(2) (E.D.La.). Because Palmer committed *1271 suicide in May of 1988, his succession was named as a defendant in Reeder I.
In Reeder I, the federal district court concluded that no "securities" as defined under the federal or state securities laws were involved in Martin's "travel club" scheme and dismissed Reeder's case with prejudice. Reeder v. Succession of Palmer, 736 F.Supp. 128 (E.D.La.1990). The federal appellate court affirmed. Reeder v. Succession of Palmer, 917 F.2d 560 (5th Cir.1990). Reeder then activated a previously-filed state court suit against Martin and Palmer based on a petition virtually identical to his federal court action (Reeder II). Reeder sought damages based on factual allegations substantially the same as those in his federal complaint but grounded his suit in state securities law and other state law theories, rather than on federal statutes. The state trial court sustained the defendants' exceptions of res judicata and no cause of action, and dismissed Reeder II with prejudice. The state court of appeal agreed that res judicata barred the state securities law claim, disposed of other claims on different grounds, but held that the contract claim was not barred by the federal court judgment. Reeder v. Succession of Palmer, 604 So.2d 1070 (La.App. 5th Cir. 1990). We granted certiorari to determine whether the court of appeal correctly applied the principles of res judicata.

2. LAW AND ANALYSIS
When a state court is required to determine the preclusive effects of a judgment rendered by a federal court exercising federal question jurisdiction, it is the federal law of res judicata that must be applied. McNeal v. Paine, Webber, Jackson & Curtis, 249 Ga. 662, 293 S.E.2d 331 (1982); Anderson v. Phoenix Inv. Counsel of Boston, 387 Mass. 444, 440 N.E.2d 1164 (1982); Rennie v. Freeway Transport, 294 Or. 319, 656 P.2d 919 (1982); Jeanes v. Henderson, 688 S.W.2d 100 (Tex.1985), reh'g of cause overruled (May 1, 1985); Commercial Box & Lumber Co. v. Uniroyal, Inc., 623 F.2d 371, 373 (5th Cir.1980); Aerojet-General Corp. v. Askew, 511 F.2d 710 (5th Cir.), appeal dismissed and cert. denied, 423 U.S. 908, 96 S.Ct. 210, 46 L.Ed.2d 137 (1975); Restatement (Second) of Judgments § 87 (1982); C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure, Jurisdiction § 4468 (1981). Cf. Pilie & Pilie v. Metz, 547 So.2d 1305 (La.1989). Federal res judicata principles have been heavily influenced by the great advances in the Restatement Second of Judgments. Federal courts and commentators often cite and rarely depart from the Restatement view. 18 Wright, Miller & Cooper, Federal Practice and Procedure § 4401 (1981).
Under federal precepts, "claim preclusion" or "true res judicata" treats a judgment, once rendered, as the full measure of relief to be accorded between the same parties on the same "claim" or "cause of action." When the plaintiff obtains a judgment in his favor, his claim "merges" in the judgment; he may seek no further relief on that claim in a separate action. Conversely, when a judgment is rendered for a defendant, the plaintiff's claim is extinguished; the judgment then acts as a "bar." Under these rules of claim preclusion, the effect of a judgment extends to the litigation of all issues relevant to the same claim between the same parties, whether or not raised at trial. The aim of claim preclusion is thus to avoid multiple suits on identical entitlements or obligations between the same parties, accompanied, as they would be, by the redetermination of identical issues of duty and breach. Kaspar Wire Works, Inc. v. Leco Engineering & Mach., 575 F.2d 530 (5th Cir.1978) (Rubin, J., citing authorities). See Restatement (Second) of Judgments §§ 18-20 (1982).
Claim preclusion will therefore apply to bar a subsequent action on res judicata principles where parties or their privies have previously litigated the same claim to a valid final judgment. In most cases, the key question to be answered in adjudging the propriety of a claim preclusion defense is whether in fact the claim in the second action is "the same as," or "identical to," one upon which the parties have previously proceeded to judgment. The authorities do not provide a uniform definition of the terms "claim" or "cause of action" in connection with the application of res judicata. The clear trend, however, in the most recent decisions, in harmony with such procedural concepts as the *1272 "transaction or occurrence" test for compulsory counterclaims as stated in Federal Rules of Civil Procedure, Rule 13(a) and the "common nucleus of operative fact" standard for pendent federal jurisdiction of United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), has been towards the adoption of § 24 of the Restatement 2d, of Judgments. That Section sets forth a "transactional analysis" as to what constitutes a "claim," the extinguishment of which prohibits subsequent litigation with respect to the transaction(s) from which it arose. A majority of the federal circuit courts, as well as the Claims Court, have thus far expressly adopted the Restatement's transactional approach. Annotation, Proper Test to Determine Identity of Claims for Purposes of Claim Preclusion by Res Judicata Under Federal Law, 82 A.L.R.Fed. 829, 837 (1987); e.g., Southmark Properties v. Charles House Corp., 742 F.2d 862 (5th Cir. 1984). See Pilie & Pilie v. Metz, 547 So.2d 1305, 1310 (La.1989) (citing authorities).
Section 24 of the Restatement (Second) of Judgments (1982) adopts a "transactional" view of claim for purposes of the doctrines of merger and bar, as follows:
§ 24. Dimensions of "Claim" for Purposes of Merger or
BarGeneral Rule Concerning "Splitting"
(1) When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar (see §§ 18, 19), the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.
(2) What factual grouping constitutes a "transaction", and what groupings constitute a "series", are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.
Illustrations of how the rule of § 24 applies to various situations are set forth in Restatement (Second) of Judgments § 25 (1982) as follows:
§ 25. Exemplifications of General Rule Concerning Splitting
The rule of § 24 applies to extinguish a claim by the plaintiff against the defendant even though the plaintiff is prepared in the second action
(1) To present evidence or grounds or theories of the case not presented in the first action, or
(2) To seek remedies or forms of relief not demanded in the first action.
Comment e of § 25 of the Restatement (Second) of Judgments (1982) explains the effects of the rules of §§ 24 and 25 in a case in which a given claim may be supported by theories or grounds arising from both state and federal law as follows:
A given claim may find support in theories or grounds arising from both state and federal law. When the plaintiff brings an action on the claim in a court, either state or federal, in which there is no jurisdictional obstacle to his advancing both theories or grounds, but he presents only one of them, and judgment is entered with respect to it, he may not maintain a second action in which he tenders the other theory or ground. If however, the court in the first action would clearly not have had jurisdiction to entertain the omitted theory or ground (or, having jurisdiction, would clearly have declined to exercise it as a matter of discretion), then a second action in a competent court presenting the omitted theory or ground should be held not precluded. * * *
See, e.g., Texas Employers' Ins. Ass'n v. Jackson, 862 F.2d 491, 501 (5th Cir.1988); Langston v. Insurance Co. of North America, 827 F.2d 1044, 1046-47 (5th Cir.1987); Ocean Drilling & Explor. Co. v. Mont Boat Rental Serv., Inc., 799 F.2d 213, 216, 217 (5th Cir.1986) applying §§ 24 and 25 of Restatement (Second) of Judgments (1982).
Succinctly stated, if a set of facts gives rise to a claim based on both state and federal law, and the plaintiff brings the action in a federal court which had "pendent" jurisdiction to hear the state cause of action, *1273 but the plaintiff fails or refuses to assert his state law claim, res judicata prevents him from subsequently asserting the state claim in a state court action, unless the federal court clearly would not have had jurisdiction to entertain the omitted state claim, or, having jurisdiction, clearly would have declined to exercise it as a matter of discretion. Restatement (Second) of Judgments §§ 24, 25 and 25, Comment e. E.g., Woods Exploration & Producing Co. v. Aluminum Co. of America, 438 F.2d 1286, 1315 (5th Cir.1971); Anderson v. Phoenix Inv. Counsel of Boston, 387 Mass. 444, 440 N.E.2d 1164, 1168 (1982). In cases of doubt, therefore, it is appropriate for the rules of res judicata to compel the plaintiff to bring forward his state theories in the federal action, in order to make it possible to resolve the entire controversy in a single lawsuit. Restatement (Second) of Judgments § 25, Reporter's Note at 228; Woods Exploration & Producing Co. v. Aluminum Co. of America, 438 F.2d 1286, 1315 (5th Cir.1971). Applying these precepts to the case at hand, we conclude that each of the state law claims asserted by the plaintiff in Reeder II is precluded by the res judicata bar of the federal court judgment dismissing Reeder I with prejudice.
First, the present state law claims arise from the same set of facts or transaction as the federal and state securities law claims which the parties litigated to a valid final judgment on the merits in the federal court. The text and substance of the Ponzi scheme transaction or series of connected transactions alleged in the two actions are virtually the same, both involving the alleged intentional and/or negligent misrepresentations by Martin, Palmer and others to Reeder and other investors disguising the true nature and operations of the alleged travel club pyramid scheme and the precariousness of their investments.
Second, the federal district court had pendent jurisdiction to hear the state law claims which Reeder chose not to assert in that forum. Pendent jurisdiction, in the sense of judicial power, exists when there is a federal claim of "substance sufficient to confer subject matter jurisdiction on the court", and the relationship between that claim and the state claim is such that they "derive from a common nucleus of operative fact", so that "if, considered without regard to their federal or state character, a plaintiff[ ] ... would ordinarily be expected to try them all in one judicial proceeding...." United Mine Workers v. Gibbs, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966).
The requirement of substantiality does not refer to the value of the interests that are at stake but to whether there is any foundation of plausibility to the claim. Duke Power v. Carolina Environmental Study Group, Ind., 438 U.S. 59, 98 S.Ct. 2620, 57 L.Ed.2d 595 (1978); Garvin v. Rosenau, 455 F.2d 233 (6th Cir.1972). If the plaintiff raises a substantial federal question, the court has jurisdiction of the case and its decision must go to the merits of the case. A loose factual connection between the claims has been held enough to satisfy the requirements that they arise from a common nucleus of operative fact and that they be such that a plaintiff ordinarily would be expected to try them all in one judicial proceeding. Tower v. Moss, 625 F.2d 1161 (5th Cir.1980); Frye v. Pioneer Logging Machinery, Inc., 555 F.Supp. 730 (D.C.S.C.1983), citing Wright, Miller & Cooper, Federal Practice and Procedure. See id., § 3567.1 (1984). Therefore, it is clear that under these principles the federal court in Reeder I had pendent jurisdiction, in the sense of judicial power, over Reeder's state law claims arising from the same transaction as his federal question claim. In fact, Reeder, by his own federal complaint, invoked the Reeder I court's exercise of pendent jurisdiction over his state securities law claim.
Third, we cannot say that the federal district court in Reeder I "would clearly have declined to exercise" its pendent jurisdiction over the omitted state law tort, contract, unfair trade practice claims, and other state claims if Reeder had advanced them in that court along with his state law securities act claim. Pendent jurisdiction is a doctrine of discretion which allows the trial court a wide latitude of choice in deciding whether to exercise that judicial power. See United Mine Workers v. Gibbs, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). A federal *1274 court must consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state law claims. When the balance of these factors indicates that a case properly belongs in state court, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice. The doctrine of pendent jurisdiction thus is a doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988); Rosado v. Wyman, 397 U.S. 397, 90 S.Ct. 1207, 25 L.Ed.2d 442 (1970); United Mine Workers v. Gibbs, supra.
In Gibbs, the Court stated that "if the federal claims are dismissed before trial... the state claims should be dismissed as well." 383 U.S. at 726, 86 S.Ct. at 1139. More recently, however, the Court has made clear that this statement does not establish a mandatory rule to be applied inflexibly in all cases. Jurisdiction is thus not automatically lost because the court ultimately concludes that the federal claim is without merit. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. at 350, n. 7, 108 S.Ct. at 619 n. 7; Rosado v. Wyman, 397 U.S. at 403-405, 90 S.Ct. at 1213-1214. In fact, a countervailing policy in favor of hearing pendent state claims was expressed by the Court in Hagans v. Lavine, 415 U.S. 528, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974): "[I]t is evident from Gibbs that pendent state law claims are not always, or even almost always, to be dismissed and not adjudicated. On the contrary, given advantages of economy and convenience and no unfairness to litigants, Gibbs contemplates adjudication of these claims." Id. at 545-546, 94 S.Ct. at 1383-1384.
The principles and standards of pendent jurisdiction support and mesh with the principles of res judicata. The plaintiff is required to bring forward his state theories in the federal action in order to make it possible to resolve the entire controversy in a single lawsuit. Restatement (Second) of Judgments § 25, Reporter's Note at 228 (1982); Woods Exploration & Producing Co. v. Aluminum Co. of America, 438 F.2d at 1315. The federal district court, exercising its discretion, may decline jurisdiction of some or all of the plaintiff's state law claims if the court finds that the objectives of judicial economy, convenience and fairness to litigants, as well as other factors, will be served better thereby. United Mine Workers v. Gibbs, 383 U.S. at 726, 86 S.Ct. at 1139. To insure that this decision will be made fairly and impartially by the court, rather than by a party seeking the tactical advantage of splitting claims, however, the claim preclusion rules further provide that, unless it is clear that the federal court would have declined as a matter of discretion to exercise its pendent jurisdiction over state law claims omitted by a party, a subsequent state action on those claims is barred. Restatement (Second) of Judgments § 25, Comment e; Woods Exploration and Producing Co. v. Aluminum Co. of America, supra; Anderson v. Phoenix Inv. Counsel of Boston, 440 N.E.2d at 1169.
In view of the breadth of the federal trial courts' discretion and the necessary indeterminacy of the discretionary standards, in order for a subsequent court to say that a federal district court clearly would have declined its jurisdiction of a claim not filed, the subsequent court must find that the previous case was an exceptional one which clearly and unmistakably required declination. The rules do not countenance a plaintiff's action in failing to plead a theory in a federal court with the hope of later litigating the theory in a state court as a second string to his bow. Therefore, the action on such omitted claims is barred if it is merely possible or probable that the federal court would have declined to exercise its pendent jurisdiction. Restatement (Second) of Judgments § 25, Comment e. See also Anderson v. Phoenix Inv. Counsel of Boston, 387 Mass. 444, 440 N.E.2d 1164, 1169 (1982).
Reeder I was not an exceptional case in which the federal court clearly or unmistakably would have declined to exercise its pendent jurisdiction over the related state law claims, had Reeder included them in his *1275 complaint. In fact, the federal court did not decline to exercise its pendent jurisdiction over the only state law claim that it was asked to adjudicate, viz., Reeder's claim for damages based on state securities law arising out of the same transaction or series of connected transactions as the state tort, contract, and unfair trade practices claims. Because the federal district court had exclusive jurisdiction of one of the federal securities law claims, 15 U.S.C. § 78aa, the federal court was the only forum in which it was possible to resolve the entire controversy in a single lawsuit. In these circumstances, the assertion of pendent jurisdiction is especially compelling. Cf., Aldinger v. Howard, 427 U.S. 1, 18, 96 S.Ct. 2413, 2422, 49 L.Ed.2d 276 (1976); Boudreaux v. Puckett, 611 F.2d 1028, 1031 (5th Cir.1978) (discussing pendent party jurisdiction where the federal court maintains exclusive jurisdiction over the underlying federal claim).
In a very similar case arising out of the same Ponzi scheme, the same federal district court did not decline pendent jurisdiction over state securities, fraud, and negligence law claims even after dismissing the federal securities law claim with prejudice for failure to state a claim. In fact, the federal district court considered and rendered final judgment on the merits on each of the pendent state law claims, ultimately dismissing each claim with prejudice. Guidry v. Bank of LaPlace, 740 F.Supp. 1208 (E.D.La.1990). On appeal, the Guidry court of appeal affirmed as to the dismissal of some of the state claims with prejudice, but required that some be dismissed without prejudice. Moreover, that court did not say that the federal district court clearly should have declined to exercise jurisdiction even as to the few pendent state law claims that were dismissed without prejudice. Guidry v. Bank of La-Place, 954 F.2d 278 (5th Cir.1992). Therefore, in the present case, although it may have been possible for the district court to decline pendent jurisdiction of the omitted remaining state law claims, we cannot say that it was even probable, much less clear or unmistakable, that the federal court would have done so.
Our conclusion in this regard is bolstered by opinions of other courts which have held that, by the operation of federal res judicata principles, federal judgments under federal securities acts barred subsequent suit between the same parties deriving from a common nucleus of operative facts presenting state claims omitted from the earlier federal proceeding. See McNeal v. Paine, Webber, Jackson & Curtis, Inc., 249 Ga. 662, 293 S.E.2d 331 (1982) (federal judgment under Securities Exchange Act of 1934 barred negligence, breach of fiduciary duty, and fraud claims in state court); Anderson v. Phoenix Investment Counsel of Boston, Inc., 387 Mass. 444, 440 N.E.2d 1164 (1982) (federal judgment under Investment Advisers Act of 1940 barred unfair and deceptive trade practices claim in state court); Rennie v. Freeway Transport, 294 Or. 319, 656 P.2d 919 (1982) (federal judgment under the Securities Exchange Act of 1934 barred fraud claim in state court); Jeanes v. Henderson, 688 S.W.2d 100 (Tex.), reh'g of cause overruled (May 1, 1985) (federal judgment under Securities Exchange Act of 1934 barred declaratory judgment action in state court). See also Browning Debenture Holders Comm. v. DASA Corp., 560 F.2d 1078 (2d Cir.1977) (prior final judgment based on federal securities laws barred litigation of pendent claims, even if the prior judgment did not explicitly rule on state law breach of fiduciary duty claims). In each of these cases, the state court could not find that it was clear, unmistakable or highly probable that the federal district court would have declined to exercise pendent jurisdiction over the factually-related state law claims. Thus, in each of the respective cases, federal res judicata barred the state claims later presented in state court.

DECREE
For these reasons, the judgment of the court of appeal affirming the trial court judgment sustaining the exception of res judicata as to the state securities claim is affirmed. The judgment of the court of appeal reversing the balance of the trial court's judgment is vacated. The trial court's judgment dismissing Reeder II, in its entirety, with prejudice is therefore reinstated.
AFFIRMED IN PART; REVERSED IN PART.
NOTES
[*] WATSON, J. not on panel. Rule IV, Part 2,§ 3.