liLOBRANO, Judge,
concurring.
I agree that Terrebonne’s claim should be barred because of res judicata. My reasons for sustaining Placid’s exception require a review of the convoluted procedural history of this case.
On May 1,1986 Terrebonne filed for Chapter 11 protection in the federal bankruptcy court. Placid was listed as a major creditor. The plan of reorganization was confirmed on *90 April 16, 1987. On April 24, 1987, Terre-bonne filed a complaint for equitable subordination against Placid alleging that Placid’s breach of its agreement to supply Terre-bonne with diesel fuel caused Terrebonne to seek protection of the bankruptcy court. Terrebonne sought damages for that alleged breach.
Placid filed a Motion to Dismiss arguing Terrebonne’s petition failed to state a cause of action for equitable subordination and that its claim was barred by res judicata. On June 29, 1989, the Bankruptcy court granted the motion on the basis that the complaint failed to state a claim for equitable subordination and that the matter was not a “core” proceeding under 28 U.S.C. § 157. The court concluded that Terrebonne’s claim represented, at best, a “related to matter” and that the court would exercise its discretion and abstain from hearing the matter. The court did not address the res judicata issue raised by Placid.
|2On July 24, 1989 Terrebonne filed the instant suit in state court. Placid filed an exception of res judicata. On February 3, 1993 Placid filed a reconventional demand. Terrebonne went back to bankruptcy court on a contempt motion asserting that Placid was seeking damages that were already discharged in bankruptcy. Placid responded with a motion requesting the bankruptcy court to order Terrebonne to dismiss its state court claims on the basis of res judica-ta.
On March 23, 1993 the bankruptcy court held Placid in contempt, but declined to exercise jurisdiction on the res judicata issue. That ruling was appealed to the federal district court. While that appeal was pending, the trial of the state court proceedings concluded. In state court, the trial judge dismissed the res judicata exception, and rendered judgment in favor of Terrebonne. Subsequently, the federal district court held that the intervening judgment of the state court “mooted” Placid’s appeal of the bankruptcy order. Thus the res judicata issue, again, was not considered.
During the pendency of the instant appeal before this court, Placid appealed the federal district court’s ruling to the U.S. Fifth Circuit Court of Appeal. That court noted that In Re Baudoin, 981 F.2d 736 (5th Cir.1993), “mandates the conclusion that lender-liability claims of a debtor against a listed creditor (for wrongfully precipitating the bankruptcy), are indeed ‘core’ proceedings,” and that the bankruptcy court was in error in not resolving Terrebonne’s claims against Placid. However, the court affirmed the district court’s result for the reason that comity and efficient judicial administration required that the state court litigation should run its course. In Re Matter of Terrebonne Fuel, 20 F.3d 1169 (5th Cir.1994).
laPIacid has argued throughout these proceedings, both in federal court and in state court, that Terrebonne’s claim, filed after confirmation of its reorganization plan, is barred by the principle of res judicata. In support, it cites numerous cases that hold that once a plan is confirmed by the bankruptcy court, any claims by the debtor against a creditor are barred by res judicata. In Re Baudoin, supra; Eubanks v. F.D.I.C., 977 F.2d 166 (5th Cir.1992); Howe v. Vaughan, 913 F.2d 1138 (5th Cir.1990). “It has long been recognized that a bankruptcy court’s order confirming a plan of reorganization is given the same effect as a district court’s judgment of the merits for claim preclusion purposes.” Eubanks, 977 F.2d at 170. Res judicata “bars all claims that were or could have been advanced in support of the causes of action on the occasion of its former adjudication ... not merely those that were adjudicated.” Howe, 913 F.2d at 1144.
Ironically, the federal courts have never addressed the merits of Placid’s res judicata arguments. In June of 1989, when Terre-bonne’s complaint, filed after confirmation of its plan of reorganization, was erroneously dismissed because it was not a “core” proceeding, res judicata was not addressed. In March of 1993, when the bankruptcy court held Placid in contempt, the court ruled that it lacked jurisdiction to consider res judicata. The federal district court, on Placid’s appeal of that ruling, failed to address the issue when it ruled that the appeal was “mooted” because judgment had already been rendered in state court. And finally, the U.S. Fifth *91 Circuit, although recognizing the inequities of allowing a debtor to wait until after confirmation to assert a claim against a creditor, did not address the issue in the interest of comity and judicial efficiency.
The trial judge in the instant proceedings did not render reasons for overruling Placid’s exception. However, I am of the opinion that federal Uprinciples of res judicata are applicable, Reeder v. Succession of Palmer, 623 So.2d 1268 (La.1993), and once Terre-bonne’s plan of reorganization was confirmed it was barred from bringing this breach of contract suit. It is inequitable to allow Ter-rebonne to proceed with a claim in state court that should have been heard by the bankruptcy court prior to confirmation of the reorganization plan. Had that taken place and Terrebonne been successful, the plan of reorganization would have been different, and perhaps, would not have been required at all. It is patently unfair to allow a debtor to seek the protection of the bankruptcy laws, work out a plan of reorganization, and then, once the plan is confirmed, file a breach of contract suit against a creditor alleging that the creditor caused the bankruptcy in the first place.
The U.S. Fifth Circuit stated that comity requires that the state court proceedings should be allowed to run its course. Part of that course is Placid’s plea of res judicata which, I concur, is valid.
PLOTKIN, J., concurs for the reasons assigned by LOBRANO,- J.