11ARMSTRONG, Judge.
This is an action against a liability insurer, by its insured, under La. R.S. 22:658, for a statutory penalty and attorney’s fees for the insurer’s alleged arbitrary and capricious failure to defend the insured in a federal *656 court maritime personal injury action. The trial court found that the insurer had been arbitrary and capricious and rendered judgment awarding the insured the penalty and attorney’s fees. We find that the insured’s claim for a penalty and attorney’s fees could have been brought in the prior federal court action, along with the insured’s claim against the insurer for coverage in that federal court action, but was not, and is therefore barred by the federal law of res judicata.
Plaintiff, T. Sewell Williams d/b/a Arthur H. Terry & Company (‘Williams”), a maritime surveyor, was engaged by a hull insurer to survey storm damage to a barge owned by Stone Petroleum Company. Repairs on the barge were begun. An explosion occurred and several workers were killed. Stone Petroleum Company filed a federal law admiralty limitation of liability action in federal court. The survivors of those killed in the explosion brought claims in the federal court action against Stone Petroleum Company and various repair ^companies. Some of those original defendants filed third party demands in the federal court action against Williams. In turn, Williams filed a third party demand in the federal court against his liability insurer, Insurance Company of North America (“INA”).
In his federal court third party demand against INA, Williams sought to establish coverage under his INA insurance policy and to compel INA to defend him. But, Williams did not include in his third party demand against INA any La. R.S. 22:658 claim for a statutory penalty or for attorney’s fees incurred in pursuing coverage against INA. INA answered Williams’ third party demand with a denial of coverage and a denial of any duty to defend Williams. INA based these denials upon the nature of the third party demands made against Williams by the original defendants in the federal court action and upon an exclusion in the INA insurance policy. The federal trial court ruled in INA’s favor, held that there was no coverage and no duty to defend, and dismissed Williams’ third party demand against INA. However, the federal apipellate court reversed and held that there was coverage and that INA was obligated to defend Williams. Williams v. Insurance Company of North America, 961 F.2d 90 (5th Cir.1992). As a result, INA had to reimburse Williams $129,639.50 for its costs of defending against the claims made against Williams in the federal court action.
Later, Williams brought the present case against INA seeking a statutory penalty and for attorney’s fees (for litigating coverage against INA) under La. R.S. 22:658. INA argues that it cannot be held liable to Williams under La. R.S. 22:658 for arbitrary and capricious denial of coverage because the federal trial court had agreed with INA and Williams had prevailed only upon appeal. INA also argues that Williams’ present suit is barred by res judicata because it ^arises from the same transaction as Williams’ third party denial against INA in federal court and, under federal law res judicata principles, all claims arising from a single transaction must be brought in a single suit. As we agree with INA’s res judicata argument, we do not address its argument that it cannot have been arbitrary and capricious.
The first question is whether the res judicata issue is governed by federal law or Louisiana law. The Supreme Court, in Reeder v. Succession of Palmer, 623 So.2d 1268, 1271 (La.1993), cert. denied, 510 U.S. 1165, 114 S.Ct. 1191, 127 L.Ed.2d 541 (1994), held: ‘When a state court is required to determine the preclusive effects of a judgment rendered by a federal court exercising federal question jurisdiction, it is the federal law of res judica-ta that must be applied.” Accord Terrebonne Fuel & Lube v. Placid Refining Co., Nos. 95-C-0654, 95-C-0671 (La.1/16/96), 666 So.2d 624, 633 (In Reeder, “we determined that when a state court is called upon to decide the preclusive effect of a judgment rendered by a federal court exercising federal question jurisdiction, it is the federal law of res judicata that must be applied.”); City of New Orleans v. Badine Land Limited, Nos. 94-CA-2831, 95-CA-0200 (La.App. 4th Cir. 6/29/95), 657 So.2d 770, 773, writ denied, 95-C-1969 (La.11/13/95), 622 So.2d 475 (same). In the present ease, the federal court which decided Williams’ third party demand against INA was exercising its federal question jurisdiction pursuant to the federal Limitation of Vessel Owner’s Liability *657 Act, 46 U.S.C. app. § 181, et seq., and federal admiralty law. 28 U.S.C. § 1333. Thus, the res judicata effect of the federal court’s judgment on Williams’ third party demand against INA is determined by the federal law of res judicata.
Under federal res judicata law, a judgment “bars a subsequent suit if all of the following tests are satisfied:
|41) both cases involve the same parties;
2) the prior judgment was rendered by a court of competent jurisdiction;
3) the prior decision was a final judgment on the merits; and
4) the same cause of action is at issue in both cases”. Terrebonne Fuel, 666 So.2d at 633. Williams argues that the fourth test is not met because its third party demand against INA in the federal court action, and its present suit against INA, do not put at issue the “same cause of action.” The majority position of the federal courts is to use the “transactional” test of Section 24 of the Restatement (Second) of Judgments to determine whether the same cause of action is involved in successive lawsuits. Reeder, 623 So.2d at 1272.
Section 24, which was quoted by Reeder, states:
§ 24. Dimensions of “Claim” for Purposes of Merger or Bar — General Rule Concerning “Splitting”
(1) When a valid and final judgment rendered in an action extinguishes the plaintiff’s claim pursuant to the rules of merger or bar (see §§ 18, 19), the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.
(2) What factual grouping constitutes a “transaction”, and what groupings constitute a “series”, are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties expectations or business understanding or usage.
The transaction, or series of transactions, out of which arose Williams’ third party demand against INA in the federal court action consisted of (1) INA’s denial of coverage or defense; (2) the third-party demands against Williams by the original defendants in the federal court action; (3) Williams’ INA insurance policy hand, in particular, an exclusion therein; and (4) Williams’ costs of defense in the federal court action (i.e. damages) as a result of INA’s denial of coverage and defense. The transaction, or series of connected transactions, out of which arises Williams’ present action against INA consists of the same four elements.
In each action, Williams had to prove that INA’s denial of coverage and defense was wrongful in light of the nature of the third party demands against Williams and the provisions of Williams’ INA insurance policy (including the exclusion) and that Williams suffered damages as a result of that denial. As to liability, the only additional point that Williams had to prove in the present La. R.S. 22:668 action for a statutory penalty and attorney’s fees was that INA’s denial of coverage and defense was not only wrongful but “arbitrary and capricious.” This is just a difference in the degree of wrongfulness of the denial of coverage and defense. But, even if the distinction is more qualitative, the wrongfulness of the denial, and the arbitrary and eaprieiousness of the denial, are dearly related and form a single “convenient trial unit” (especially in having the same or largely overlapping evidence, e.g., the INA insurance policy, the third party complaints against Williams) and the parties would not reasonably expect those to be entirely separate issues.
Williams points out that, if he had brought his claim under La. R.S. 22:668 as part of his third party demand against INA in the federal court action, then he would have had to have proven the amount of attorney’s fees incurred in bringing the third party action against INA. But, that does not render the La. R.S. 22:668 claim a separate transaction from the claim for coverage and defense which was the basis of Williams’ third party *658 demand against INA. The attorney’s fees incurred for the third party demand are certainly related to the third party demand. |6The attorney’s fees for the third party demand are certainly part of the same “convenient trial unit” as the third party demand. Indeed, it is desirable that the amount of reasonable attorney’s fees for an action ought to be determined as part of that same action before the same judge or jury who is most familiar with that action generally. Nor do we think that reasonable parties would expect that the attorney’s fees for an action would be an entirely separate matter from the action itself.[1]
In sum, we believe that both Williams’ third party demand against INA in the federal action, and Williams’ present action against INA, arise from the same transaction or series of connected transactions. Consequently, the same cause of action is at issue in both cases so that the fourth test of federal res judicata, Terrebonne Fuel, supra, is met.
Williams, in an attempt to distinguish the Reeder decision, argues that the federal court, • before which was pending his third party demand against INA, would not have had “pendent jurisdiction” (a form of federal court subject matter jurisdiction over state law claims) over a La. R.S. 22:658 claim by Williams against INA.
As to the relationship between the availability of pendent jurisdiction for a potential state law claim in a prior federal action, and the res judicata effect of the ^judgment in that prior federal action upon that potential state law claim, the Reeder decision stated:
Succinctly stated, if a set of facts gives rise to a claim based on both state and federal law, and the plaintiff brings the action in a federal court which had “pendent” jurisdiction to hear the state cause of action, but the plaintiff fails or refuses to assert his state law claim, res judicata prevents him from subsequently asserting the state claim in a state court action, unless the federal court clearly would not have had jurisdiction to entertain the omitted state claim, or, having jurisdiction, clearly would have declined to exercise it as a matter of discretion.
Reeder, 623 So.2d at 1272-73 (citations omitted).
As to the requirements for the existence of pendent jurisdiction, the Reeder decision stated:
Pendent jurisdiction, in the sense of judicial power, exists when there is a federal claim of “substance sufficient to confer subject matter jurisdiction on the court”, and the relationship between that claim and the state claim is such that they “derive from a common nucleus of operative fact”, so that, “if, considered without regard to their federal or state character, a plaintiff! ] ... would ordinarily be expected to try them all in one judicial proceeding. ...” United Mine Workers v. Gibbs, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966).
[[Image here]]
A loose factual connection between the claims has been held enough to satisfy the requirements that they arise from a common nucleus of operative fact and that they be such that a plaintiff ordinarily would be expected to try them all in one judicial proceeding.
Reeder, 623 So.2d at 1273 (some citations omitted).
The claims of Williams’ third party demand against INA in the federal court action, and his La. R.S. 22:658 claim, “derive from a common nucleus of operative fact.” The analysis is much the same as the analysis of whether the third Lparty demand and the present La. R.S. 22:658 suit put the same cause of action at issue. See Reeder 623 So.2d at 1271-72 (comparing United Mine *659 Workers standard to Restatement Section 24 standard). Both the third party demand and the La. R.S. 22:658 claim rest upon (1) INA’s denial of coverage, (2) the third party demands against Williams in the federal court action, (8) the provisions (including the exclusion) of Williams’ INA insurance policy and (4) Williams’ costs of defense (damages) in the federal court action. Williams’ third party demand and Williams’ La. R.S. 22:658 claim clearly have even more than the “loose factual connection” necessary to meet the United Mine Workers standard of a common nucleus of operative fact. Thus, the federal court would have had pendent jurisdiction over Williams’ La. R.S. 22:658 claim if Williams had included it with the rest of his third party demand against INA in the federal court action.
Williams also asserts that, at the time he made his third party demand against INA in the federal court action, he did not know the basis of INA’s denial of coverage and defense and did not even know for certain that INA would deny coverage and defense. Therefore, he argues, he did not know of his La. R.S. 22:658 claim at the time he filed his third party demand against INA.
When original defendants in the federal court action made third party demands against Williams, Williams notified INA Some weeks or months went by while INA investigated or, in any event, did not tell Williams whether or not INA was going to deny coverage or defense. Without having heard from INA one way or the other, Williams filed a third party demand against INA. When INA answered that third party demand, it for the first time actually took a position denying coverage or defense.
|9We will assume that, under the factual circumstances just outlined, Williams did not know as of the time he filed his third party demand against INA in the federal court action, whether or not he had a good faith and reasonable La. R.S. 22:658 claim to make against INA. But, once INA filed its answer to Williams’ third party demand, he knew for certain that INA was denying coverage and defense.
Keeping in mind that res judicata should not be applied mechanically and blindly if fairness and justice militate against its application, Terrebonne Fuel, 666 So.2d at 635, we carefully have considered the various exceptions to the application of res judicata, 666 So.2d at 632, and have concluded that none of them are applicable. As discussed above in response to the arguments presented by Williams, there were neither jurisdictional obstacles nor practical bars to Williams asserting his La. R.S. 22:658 claim in the federal court action. Nor are there any other “exceptional circumstances” such as would preclude the application of res judicata. “In case of doubt ... it is appropriate for the rules of res judicata to compel the plaintiff to bring forward his stated theories in the federal action, in order to make it possible to resolve the entire controversy in a single lawsuit.” Reeder, 623 So.2d at 1273.
For the foregoing reasons, the judgment of the trial court is reversed and we render judgment dismissing Williams’ suit against INA.

REVERSED AND RENDERED.

. Williams states in his brief that his third party demand against INA in the federal court action was handled by his attorney on a 40% contingent fee basis and so the amount of his attorney’s fees was not fixed until the award of damages (Williams' attorney's fees for defending himself in the federal court action) against INA. That would have presented no difficulty. Assuming but not deciding that the attorney's fees under La. R.S. 22:658 should be equal to 40% of the damages award against INA, the federal court simply would have first determined the amount of damages and then added 40% for attorney’s fees.