BYRNES, Judge.
The trial court denied an exception of res judicata filed by the defendants-rela-tors, Kenneth J. Ducote and the Orleans Parish School Board. The defendants-re-lators filed an application for supervisory writs to this Court seeking to reverse the ruling of the trial court. This Court found *589 no error in the ruling of the trial court. (99-C-2607, La.App. 4 Cir. 10/29/99, unpublished). Relators’ application to the Supreme Court was granted and the case was remanded to this Court with orders for briefing, argument and opinion, citing Reeder v. Succession of Palmer, 623 So.2d 1268 (La.1993), cert denied, Reeder v. Succession of Palmer, 510 U.S. 1165, 114 S.Ct. 1191, 127 L.Ed.2d 541 (1994).
On October 16, 1995, Robert O’Brien filed suit in Federal Court under 42 U.S.C. Section 1983 seeking damages as a result of a criminal investigation of Mr. O’Brien’s company initiated by Kenneth J. Ducote, a School Board employee. This claim was consolidated with a claim arising out of the same facts previously filed by Mr. O’Brien’s company, Systems Contractors Corporation.
In January of 1996, Mr. O’Brien filed a suit against the same defendants arising out of the same facts in Louisiana state court, but plaintiff instructed that | ^process be withheld in the state suit. The plaintiff made no effort to move the state litigation forward during the pendency of the federal suit.
The defendants moved successfully for the dismissal of the federal suit, at which point the plaintiff then attempted to pursue his state court case. The defendants urged several exceptions against the plaintiff in state court, among which was an exception of res judicata based on the dismissal of the Federal Court suit. The rejection by the trial court of the defendants’ exception of res judicata forms the subject of the remand to this Court by the Supreme Court. The question is whether the Federal Court dismissal now bars plaintiffs state court claims.
Mr. O’Brien’s federal petition refers in three places to “Ducote’s and the School Board’s instituting a malicious prosecution.”
The Federal Court’s reasons for dismissal state that:
“Defendant bases its motion on plaintiffs failure to articulate the elements of a malicious prosecution claim.
In its “Analysis” the Federal Court decision discusses only Mr. O’Brien’s claim of malicious prosecution and in conclusion the Federal Court noted that it was dismissing Mr. O’Brien’s claim because he “has failed to state a claim for malicious prosecution.” The Federal Court decision fails to indicate whether any other claims or potential claims by Mr. O’Brien were intended to be encompassed by the motion to dismiss. Therefore, the real questions we must decide are whether Mr. O’Brien asserted or should have asserted in the Federal proceeding'the claims he now asserts in these proceedings, and whether the Federal judge would and/or could have invoked pendent jurisdiction of plaintiffs state court claims.
The defendants contend that the claims the plaintiff now seeks to assert in these state court proceedings should have been asserted by the plaintiff in Federal Court, but that he failed to do so. The defendants acknowledge that the plaintiff asserted these other claims in his memorandum in opposition to the dismissal in the federal proceedings, but defendants contend that such a memorandum is not a pleading. Accordingly, defendants argue that plaintiff having failed to invoke the pendent jurisdiction of the Federal Court by properly pleading his state court claims in the Federal suit, has lost the right to assert them now by the doctrine of claim preclusion.
However, we note the following allegation found in paragraph “VIII” of Mr. O’Brien’s federal court petition:
The groundless Criminal Complaint against O’Brien was made in an attempt to coerce O’Brien, in O’Briens’ a capacity as President, Chairman of the Board and majority stockholder of Systems, to stop Systems from proceeding with the System Suit and to dismiss all claims against the School Board and Ducote.
*590 Mr. O’Brien’s memorandum in opposition to dismissal explained that defendants’ actions violated his constitutional rights by interfering with his right of access to the courts and abuse of process. The above quoted paragraph “VIII” clearly raises the issue of abuse of process.
The ■ Federal Court “Analysis” posited four requirements for a malicious prosecution action through criminal proceedings, the first of which was “the commencement or continuance of an original criminal proceeding.”
The Federal Court found that the plaintiff failed to establish the commencement or a continuance of a criminal proceeding and stated that: | /‘Because the plaintiff has failed to establish this first element, the Court need not address any other element.” No other reason was given for the dismissal.
The plaintiff in brief argues that:
“The Federal Court refused to consider O’Brien’s arguments that the School Board violated the claims for tort [negligence], access to the courts and abuse of process.
Even a liberal reading of plaintiffs Federal Court petition fails to reveal allegations of negligence or interference with access to the courts. Ordinarily, we would find that those claims are lost to the plaintiff as a result of his failure to assert them in his federal case. The federal proceedings related to the instant case do not qualify as “an exceptional case in which the federal court clearly or unmistakably would have declined to exercise its pendent jurisdiction over the related state law claims had [plaintiff] included them in his complaint.” Reeder, at p. 1274. But we feel that had the plaintiff clearly plead those claims in Federal Court, it is probable that the federal court decision would have failed to consider those claims, restricted as it was to one element of malicious prosecution. However, Reeder admonishes us that where, “[i]t is merely possible or probable [emphasis added] that the Federal Court would have declined to exercise its pendant jurisdiction,” action on omitted claims is barred. And, as we have been admonished in the remand from the Supreme Court to consider Reeder in these deliberations, what this Court finds to be probable is insufficient to save plaintiffs claims for negligence and denial of access to the courts. We cannot conclude with sufficient certainty that the Federal Court would have declined to consider plaintiffs claims arising out of negligence and denial of access to the courts had those claims been properly pled.
| sMr. O’Brien’s abuse of process claim is another matter. In Reeder the issue concerned state claims that the plaintiff failed to assert in the Federal proceedings. In the instant' case, the plaintiff in paragraph “VIII” of his Federal petition clearly asserted a claim for abuse of process, and plaintiff argued that claim in his memorandum in opposition to the dismissal. Because of the very particular wording found in the written reasons given for the dismissal of plaintiffs federal petition, specifically limited as those reasons were to only one element of malicious prosecution, we find no compelling precedent concerning the doctrine of claim preclusion that would suggest that plaintiffs claim for abuse of process should be included by implication in the federal dismissal. As previously noted, the plaintiff in Reeder failed to assert his state court claims in the federal suit as he should have. In the instant case, Mr. O’Brien did all that was required of him to plead and argue his claim for abuse of process, but, by all indications, the federal court implicitly declined to consider that claim.
Accordingly, we hold that the plaintiff is entitled to proceed in the trial court on his claim for abuse of process and reverse the judgment of the trial court to that extent. We affirm the dismissal by the trial court of all other claims asserted by plaintiff, and remand this case to the trial court for further proceedings consistent with this opinion.
*591 AFFIRMED IN PART, REVERSED IN PART AND REMANDED.