I .MCCLENDON, J.
The salient issue raised by this appeal is whether this state court action is barred by the doctrine of res judicata because, in prior federal litigation of the identical claims, the federal court dismissed the plaintiffs federal claims with prejudice and his state claims without prejudice. For the following reasons, we reverse the judgment of the trial court and remand the case.
On September 13, 2001, William Lagnion filed a complaint in the United States District Court, Western District of Louisiana, naming as defendants the Attorney General for the State of Louisiana; Phillip N. Asprodites, Assistant Secretary of the Department of Natural Resources; Todd Keating, Issuing Authority for the Department of Natural Resources; Gary P. Ross, Director of Oilfield Restoration for the Department of Natural Resources; and Richard Hudson, Manager of the Legal Conservation Department of the Department of Natural Resources. Therein, Lagnion alleged that the defendants violated his rights by declaring two of his oil wells orphaned pursuant to the Oilfield Site Restoration Law, LSA-R.S. 30:80 et seq. The plaintiff asserted the existence of a federal question arising under the Fifth Amendment of the United States Constitution, the Fourteenth Amendment of the United States Constitution and 42 U.S.C. §§ 1983 through 1988, and asserted various state claims.
After hearing the matter, the federal court determined that the plaintiffs federal claims had prescribed and rendered judgment dismissing those claims with prejudice. The court further dismissed the plaintiffs state claims without prejudice. In its oral reasons for judgment, the court stated:
I’m going to dismiss your federal case with prejudice. I am not going to dismiss your state claims with prejudice. I’m going to dismiss your state claims without prejudice, meaning you can file your state claims in state court. Okay? And you do have state claims that you have alleged. I don’t think you |ahave any viable federal claims that remain. You may or may not have any viable state claims, but I’m going to give you that opportunity in state court where they belong.
On January 23, 2002, Lagnion filed a petition in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana against the same defendants, asserting virtually the same claims that he had asserted in his federal lawsuit. The defendants responded by filing a motion for summary judgment, asserting the action was barred by the doctrine of res judicata and by prescription.
After hearing the matter, the trial court granted summary judgment in favor of the defendants and dismissed the plaintiffs lawsuit. In its oral reasons for judgment, the trial court stated that the claims were barred by the doctrine of res judicata and that it deferred ruling on the issue of prescription. Lagnion appealed, contending that the trial court erred in concluding his state suit was barred by the doctrine of res judicata. In response to the appeal, the defendants filed an exception of prescription with this court.
In determining whether a judgment rendered by a federal court exercising federal question jurisdiction has pre-clusive effect in a subsequent state action, the state court must apply the federal law of res judicata. Pilie & Pilie v. Metz, 547 So.2d 1305, 1309 (La.1989). Under the federal law of res judicata or claim preclusion, a judgment, once rendered, is the full measure of relief to be accorded between the same parties on the same “claim” or *526 “cause of action.” Reeder v. Succession of Palmer, 623 So.2d 1268, 1271 (La.1993), cert. denied, 510 U.S. 1165, 114 S.Ct. 1191, 127 L.Ed.2d 541 (1994). Therefore, if a set of facts gives rise to a claim based on both state and federal law, and the plaintiff brings the action in a federal court that has pendent jurisdiction to hear the state cause of action, the |4federal court’s judgment is res judicata, and prevents the plaintiff from subsequently asserting a state claim on those same issues in a state court action. Reeder v. Succession of Palmer, 623 So.2d 1268, 1272-73, (La.1993), cert. denied, 510 U.S. 1165, 114 S.Ct. 1191, 127 L.Ed.2d 541 (1994); Rochon v. Whitley, 96-0835, pp. 6-7 (La.App. 1 Cir. 2/14/97), 691 So.2d 189, 192.
In Terrebonne Fuel & Lube, Inc. v. Placid Refining Co., 95-654, 95-671, p. 16 (La.1/16/96), 666 So.2d 624, 634, the supreme court recognized that exceptions to the federal doctrine of res judicata exist where “there is an express reservation of claims, when the defendant acquiesces in such a reservation, or when the court in the first action has expressly reserved the plaintiffs right to maintain the second action.” Subsequently, the supreme court reaffirmed this position in Stroik v. Ponsetti 96-2897, p. 6, (La.9/9/97), 699 So.2d 1072, 1077, stating, “For the purpose of res judicata, when the court in the first action has expressly reserved the plaintiffs right to maintain the second action, the first action fails to acquire the authority of the thing adjudged as to the second action.”
In this case, the federal court dismissed the state claims without prejudice, stating that the plaintiff could assert his state claims in state court. Clearly, by these actions, the federal court reserved the plaintiffs right to maintain a suit in state court. Therefore, the doctrine of res judi-cata does not preclude the instant state action, and the trial court erred rendering summary judgment in favor of the defendants on that basis.[2]
| .JPrior to submission of this case for decision by this court, the defendants filed, with this court, an exception of prescription, asserting the plaintiffs claims are prescribed pursuant to LSA-C.C. art. 3492. This issue was not addressed by the trial court. Furthermore, because the case was dismissed by the trial court pursuant to the doctrine of res judicata, the record on appeal is very limited and does not adequately address the issue of prescription. Therefore, in the interest of justice, we will remand the case for an evidentiary hearing on the exception of prescription.
For the foregoing reasons, we reverse the judgment of the trial court, and we remand this case to the trial court for a hearing on the defendants’ exception of prescription and for further proceedings. Costs in the sum of $391.38 are assessed to the defendants.
REVERSED AND REMANDED.

. In light of the more recent Supreme Court cases of Terrebonne Fuel & Lube and Stroik, we decline to employ herein the analysis set forth in Reeder v. Succession of Palmer, 623 So.2d 1268 (La.1993), cert. denied, 510 U.S. 1165, 114 S.Ct. 1191, 127 L.Ed.2d 541 (1994), concerning the discretion of the federal court in declining to exercise its pendent jurisdiction over state claims.