736 So.2d 914 (1999)
James E. McCOLLOUGH, Plaintiff-Appellant,
v.
Wayland R. DAUZAT, et al., Defendant-Appellee.
No. 98-1293.
Court of Appeal of Louisiana, Third Circuit.
March 3, 1999.
George Narcisse Bischof, Jr., Chalmette, Lawrence J. Smith, New Orleans, for James E. McCollough.
Charles Harper, Lake Charles, for Wayland R. Dauzat, et al.
Michael Hart, Baton Rouge, for Amica Mutual Inc. Co.
Lyle Parker, Alexandria, Michael Thomas Johnson, Metairie, for Montgomery Ward Ins. Co.
Thomas Kimball Brocato, Alexandria, for Fidelity & Casualty Co.
Before DECUIR, SULLIVAN and GREMILLION, Judges.
*915 DECUIR, Judge.
Plaintiff, James Eugene McCollough, appeals the trial court's grant of motions for summary judgment in favor of defendants, Arnica Mutual Insurance Company and Montgomery Ward Insurance Company. For the reasons that follow, we affirm.

FACTS
On February 18, 1989, McCollough and Wayland Russell Dauzat were involved in a single car accident. McCollough filed this suit naming Dauzat and Dauzat's liability insurer, Amica, as defendants. The suit was subsequently amended to add Amica and Montgomery Ward as uninsured motorist insurers for McCollough as well.
On December 13, 1995, indictments were issued by the United States Attorney for the Western District of Louisiana against both McCollough and Dauzat, charging them with thirteen counts of mail fraud and conspiracy to commit mail fraud. According to the indictment, as part of the scheme to defraud, "James Eugene McCollough and Waylan Russell Dauzat staged an automobile accident on February 18, 1989 in Rapides Parish, in which staged automobile accident, Waylan Russell Dauzat was the driver, and James Eugene McCollough was a passenger. Then defendants, James Eugene McCollough and Waylan Russell Dauzat, did submit and cause to be submitted to insurance companies false insurance claim forms relating to the staged automobile accident on February 18, 1989 in Rapides Parish." After a trial by jury in Federal District Court, both McCollough and Dauzat were convicted on all thirteen counts. The verdict and sentence were affirmed by the United States Fifth Circuit Court of Appeals.
Amica and Montgomery Ward filed motions for summary judgment which were granted by the trial court. McCollough lodged this appeal.

LAW AND DISCUSSION
A motion for summary judgment shall be granted when the mover establishes that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law, based on the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits. La.Code Civ.P. art. 966. Summary judgment is now favored, however, the mover still bears the burden of establishing that no material issue of fact exists. Stephenson v. Van Vleit, 96-1407 (La.App. 3 Cir. 4/30/97); 693 So.2d 858, writ denied, 97-1431 (La.9/19/97); 701 So.2d 174. An appellate court reviews a summary judgment de novo, using the same criteria as the district court which determined that summary judgment was appropriate. Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94); 634 So.2d 1180.
On appeal, McCollough contends the trial court erred in granting the motion for summary judgment because the ruling was based on issue preclusion. Specifically, McCollough alleges the trial court erred in (1) applying the doctrine of issue preclusion in a suit filed prior to the January 1, 1991 effective date of La.R.S. 13:4231; (2) invoking issue preclusion where the trial court did not review the entire proceeding relied upon to support the plea of res judicata; and (3) finding that the requisites of federal res judicata had been met.
McCollough's contention that the trial court erred in applying the doctrine of issue preclusion prior to the effective date of La.R.S. 13:4231 lacks merit. The jurisprudence of this state clearly establishes federal law must be applied in determining whether a federal court judgment has res judicata effect. Pilie' & Pilie' v. Metz, 547 So.2d 1305 (La.1989); Gilbert v. Visone, 30,204 (La.App. 2 Cir. 2/25/98); 708 So.2d 496; Benton, Benton & Benton v. Louisiana Pub. Facilities Auth., 95-1367 (La. App. 1 Cir. 4/4/96); 672 So.2d 720, writ denied, 96-1445 (La.9/13/96); 679 So.2d 110; de la Vergne v. de Lamaze, 95-1866 *916 (La.App. 4 Cir. 2/29/96); 670 So.2d 599. Accordingly, the effective date of La.R.S. 13:4231 is immaterial to this case.
McCollough's second assignment, regarding the trial court's alleged failure to consider the entire federal court proceeding, was not briefed. Accordingly, it is considered abandoned. Uniform Rules Courts of Appeal Rule 2-12.4.
By his final assignment, McCollough contends that the trial court erred in applying federal res judicata law because the requisite elements are not met. In particular, McCollough argues that federal res judicata law requires that both cases must involve the same parties.
The federal common law on res judicata, issue preclusion or collateral estoppel operates to bar one convicted in a criminal proceeding from re-litigating "questions distinctly put in issue and directly determined" in the criminal prosecution. Emich Motors Corp. v. General Motors Corp., 340 U.S. 558, 569, 71 S.Ct. 408, 414, 95 L.Ed. 534 (1951). For some time the effect of this preclusion was mitigated by allowing the concept of "mutuality" to limit the effect to situations where the parties were the same or in privity to one of the original parties. However, mutuality of estoppel is no longer required in cases in which collateral estoppel is sought based on a prior civil judgment. Parklane Hosiery Co. v. Shore, 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). Blonder-Tongue v. University of Illinois Found., 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971). Likewise, the requirement has been eliminated where collateral estoppel is sought based on a prior criminal conviction. Emich Motors Corp., 340 U.S. 558, 71 S.Ct. 408, 95 L.Ed. 534; See also U.S. v. Frank 494 F.2d 145 (2d Cir.), cert denied, 419 U.S. 828, 95 S.Ct. 48, 42 L.Ed.2d 52 (1974); Cardillo v. Zyla, 486 F.2d 473 (1st Cir.1973). What is required is that the party against whom the plea of estoppel is asserted must have been a party or in privity to a party to the prior adjudication. Blonder-Tongue, 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788; Cardillo, 486 F.2d 473. Since McCollough was a party to the criminal proceeding, this assignment has no merit.
Accordingly, the only issue remaining is whether the trial court was correct in determining that no genuine issues of material fact exist in this case. Given that McCollough's suit is based on an accident that has been determined to have been staged by him, we find no genuine issues of material fact are in dispute. The motions for summary judgment in favor of Amica and Montgomery Ward were properly granted.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are taxed to appellant, James Eugene McCollough.
AFFIRMED.