812 So.2d 726 (2002)
Robert H. GRIFFIN, Linda Griffin, Eugene W. Russell, Sheila Russell and Russell Resources, Inc.
v.
BSFI WESTERN E & P, INC., Joseph P. Brantley, IV and Southfork Investments, Inc.
No. 2000 CA 2122.
Court of Appeal of Louisiana, First Circuit.
February 15, 2002.
*729 James J. Bolner, Jr., New Orleans, Counsel for PlaintiffsAppellants Robert H. Griffin, et al.
John C. Anderson, Baton Rouge, Kyle Schonekas, Patrick S. McGoey, New Orleans, Counsel for DefendantsAppellees BSFI Western E & P, Inc., Joseph P. Brantley, IV and Southfork Investments, Inc.
Before: FITZSIMMONS, KLINE, and LANIER [1] JJ.
FITZSIMMONS, J.
On June 17, 1996, plaintiffs, Robert Griffin and Eugene Russell, filed suit in state court against defendants, BSFI Western E & P, Inc. (BSFI) and Joseph P. Brantley IV. The petition alleged claims of breaches of fiduciary duty, detrimental reliance, and willful misconduct or gross negligence arising from misrepresentations concerning a purported sale or assignment of plaintiffs' interests in an oil and gas field. In October of 1996, plaintiffs, among others, filed a suit in federal court asserting claims that arose from the same general transaction and nucleus of operative facts. In January of 1999, a federal magistrate judge issued an order, reasons, and judgment, which dismissed all remaining counts of the federal complaint. On June 15, 1999, plaintiffs filed an amended petition in state court. The amended petition added the additional parties from the federal suit: Linda A. Griffin, Sheila Russell, and Russell Resources, Inc. (Russell Resources) as plaintiffs; and Southfork Investments, Inc. (Southfork) as a defendant. The amended petition substantially fleshed out the factual allegations, including a description of an operating agreement entered into by various parties, including Mr. Brantley, BSFI, and plaintiffs. The operating agreement covered leases and third party contracts taken in the name of either BSFI or Southfork "for the benefit of the working interest participants ...." The working interest participants included Mr. Griffin, Southfork, and Russell Resources. In the amended petition, plaintiffs asserted claims of breach of contract, unfair trade practices, fraud, unjust enrichment, and gross negligence.
On September 27, 1999, defendants filed a peremptory exception raising the objection of res judicata as to the claims asserted *730 in the amended petition. The objection of res judicata was submitted on briefs. By judgment dated May 16, 2000, and subsequently designated a final judgment, the state court sustained the exception and dismissed, with prejudice, all claims alleged in the amended petition. Plaintiffs appealed. We reverse, and remand the case to the district court.

LEGAL PRECEPTS APPLICABLE TO RES JUDICATA
"When a state court is required to determine the preclusive effects of a judgment rendered by a federal court exercising federal question jurisdiction, it is the federal law of res judicata that must be applied." Reeder v. Succession of Palmer, 623 So.2d 1268, 1271 (La.1993), cert. denied, 510 U.S. 1165, 114 S.Ct. 1191, 127 L.Ed.2d 541 (1994). "Under federal precepts, `claim preclusion' or `true res judicata' treats a judgment, once rendered, as the full measure of relief to be accorded between the same parties on the same `claim' or `cause of action.'" Id. The rule of "claim preclusion" requires that
the effect of a judgment extends to the litigation of all issues relevant to the same claim between the same parties, whether or not raised at trial. The aim of claim preclusion is thus to avoid multiple suits on identical entitlements or obligations between the same parties, accompanied, as they would be, by the redetermination of identical issues of duty and breach.
Claim preclusion will therefore apply to bar a subsequent action on res judicata principles where parties or their privies have previously litigated the same claim to a valid final judgment. (Citations omitted.)
Id.
To decide whether the litigated "claims" or "cause of actions" are the same, the court must look to the "common nucleus of operative fact" underlying the claims. Reeder, 623 So.2d at 1271-72. Additionally,
[t]he plaintiff is required to bring forward his state theories in the federal action in order to make it possible to resolve the entire controversy in a single lawsuit. The federal district court, exercising its discretion, may decline jurisdiction of some or all of the plaintiff's state law claims if the court finds that the objectives of judicial economy, convenience and fairness to litigants, as well as other factors, will be served better thereby. (Citation omitted.)
Reeder, 623 So.2d at 1274.[2]
"The doctrine of res judicata is stricti juris; any doubt concerning application of the principle of res judicata must be resolved against its application." Kelty v. Brumfield, 93-1142, (La.2/25/94), 633 So.2d 1210, 1215. Each of the essential elements must be present and "established beyond all question." Id. "While res judicata is a useful tool, it should not be used as a scythe applied mechanically to mow down claims where the party asserting *731 the claim is not at fault for the lack of adjudication of that claim in the first suit." Terrebonne Fuel & Lube, Inc. v. Placid Refining Company, 95-0654, p. 19 (La.1/16/96), 666 So.2d 624, 635.
To establish res judicata, a prior judgment must be a final judgment on the merits. See Steve D. Thompson Trucking, Inc. v. Dorsey Trailers, Inc., 870 F.2d 1044, 1045 (5th Cir.1989). However, not all final judgments are judgments on the merits. Federal Rule of Civil Procedure 41(b) states as follows: "Unless the court in its order for dismissal otherwise specifies, a dismissal under this subsection and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits." Although Rule 41 would be a simple rule for determination of whether a judgment is one on the merits, the United States Supreme Court has not used the Rule 41(b) definition as a universal definition of a claim preclusive judgment. Semtek International Incorporated v. Lockheed Martin Corporation, 531 U.S. 497, 121 S.Ct. 1021, 1025-27, 149 L.Ed.2d 32 (2001). "The original connotation of an `on the merits' adjudication is one that actually `pass[es] directly on the substance of [a particular] claim' before the court." Semtek International Incorporated, 121 S.Ct. at 1025, quoting Restatement (Second) of Judgments § 19, Comment a, at 161 (1980). "Inherent in the concept of res judicata is the principle that a party had the opportunity to raise the claim in the first adjudication." Terrebonne Fuel & Lube, 95-0654 at p. 16, 666 So.2d at 634. However, but for the listed exceptions, Rule 41 makes no distinction between rulings on the substantive merits or rulings on the procedural merits, such as summary dismissal based on limitation statutes. Thus, a Rule 41(b) federal judgment "on the merits," which acts as a bar to re-filing in another federal court, should not automatically bar filing of the same suit in a state court system.
In Louisiana, a federal dismissal for failure to state a claim has been held to be a final judgment on the merits that barred the state suit on the same claims with the same parties. See Reeder, 623 So.2d at 1270; Rochon v. Whitley, 96-0835, p. 6 (La.App. 1 Cir. 2/14/97), 691 So.2d 189, 193. Conversely, a federal suit dismissed on a jurisdictional issue alone is not a resolution on the merits sufficient to trigger the bar of res judicata. Law Offices of Robert M. Becnel v. Ancale, 2000-295, pp. 2-4 (La.App. 5 Cir. 9/26/00), 769 So.2d 761, 763-64; Voisin's Oyster House, Inc. v. Guidry, 799 F.2d 183, 188 (5th Cir.1986); Daigle v. Opelousas Health Care, Inc., 774 F.2d 1344, 1348 (5th Cir. 1985). Additionally, a reservation of claims by the parties acts as an exception to the res judicata rules. Terrebonne Fuel & Lube, 95-0654 at pp. 16-20, 666 So.2d at 634-36; see also Hoover v. Livingston Parish School Board, XXXX-XXXX, pp. 4-5 (La.App. 1 Cir. 6/22/01), 797 So.2d 730, 733-34.
The effect on state suits of federal dismissals based on the expiration of a statute of limitations is not as clear. The dismissal of an action under a federal statute of limitations constitutes a final judgment on the merits in federal court, and is res judicata as to successive actions arising from the same transaction filed in other federal courts. Steve D. Thompson Trucking, Inc., 870 F.2d at 1045-46. "An intra-system use of res judicata for dismissals on the ground of the expiration of a statute of limitations promotes judicial economy within that system. Therefore, it is in the interest of that system to give res judicata effect to the first judgment." Reinke v. Boden, 45 F.3d 166, 171 (7th Cir.1995), *732 cert. denied sub nom, Stark v. Reinke, 516 U.S. 817, 116 S.Ct. 74, 133 L.Ed.2d 34 (1995). However, "[i]n the context of the intersystem use of res judicata, ... the intent of the first forum to save the judicial resources of the second cannot be so readily presumed." Id. More importantly, the expiration of a statute of limitations bars recovery, but it does not usually extinguish the cause of action, the true substantive merits of the suit. Semtek International Incorporated, 121 S.Ct. at 1026; Hernandez Jimenez v. Calero Toledo, 576 F.2d 402 (1st Cir.1978); Hartmann v. Time, Inc., 166 F.2d 127, 138-39 (3d Cir.1947), cert. denied, 334 U.S. 838, 68 S.Ct. 1495, 92 L.Ed. 1763 (1948); Warner v. Buffalo Drydock Co., 67 F.2d 540, 541-43 (2d Cir. 1933), cert. denied sub nom, Buffalo Dry Dock Co. v. Salkeld, 291 U.S. 678, 54 S.Ct. 529, 78 L.Ed. 1066 (1934); Western Coal & Mining Co. v. Jones, 27 Cal.2d 819, 167 P.2d 719, 724 (1946). A dismissal on the grounds of the expiration of a mere time limit may end the suit, but it is a judgment on the procedural merits, not the substantive merits. Thus, a claim dismissed under a traditional statute of limitations does not automatically preclude consideration of the substantive merits by a different or foreign court system, especially "in other jurisdictions with longer, unexpired limitations periods." Semtek International Incorporated, 121 S.Ct. at 1026; Warner, 67 F.2d at 543; see Reinke, 45 F.3d at 169-73; 18 C. Wright, A. Miller & E. Cooper, FEDERAL PRACTICE AND PROCEDURE § 4441, at 368-69 (2d ed.1986); Restatement (Second) of Judgments § 19, Comments a & f (1982); Allan R. Stein, Erie and Court Access, 100 Yale L.J.1935, 1937 n. 11 (1991). Notwithstanding these principles, consider again the goals of res judicata: stability of judgments; conservation of judicial resources; avoidance of useless relitigation; all of these may require a different result in rare cases. Although a different time statute is employed by each of the different judicial forums, if the provisions and operation of the statutes are the same, preclusion of the second action would not be an abuse of the plaintiff's right of access to the courts, "especially if the plaintiff ... failed to avail himself of opportunities to pursue his remedies in the first proceeding, or ... deliberately flouted orders of the court." Restatement (Second) of Judgments, supra, at § 19, Comment a.
Statutes of limitations and Louisiana prescriptive articles, including the rules on when prescription begins, is interrupted, or suspended, are often different. Thus, before the bar of res judicata is applied, the applicable federal and state time limitations must be compared. At the same time, the goal of res judicata principles must be kept in mind. For the system to function effectively and fairly, litigation must eventually have an end.
In the federal complaint, plaintiffs alleged the following: violations of the federal civil RICO statute as claims one and two; securities fraud in violation of federal statutes in claims three, four, and five; misconduct, gross negligence, and breaches of fiduciary duty based on state law in claim seven; and, in claim eight, a state law conversion. All of the claims arose from the same general common nucleus of alleged operative facts or transactions.
After a review of the record and applicable law, the magistrate dismissed claims one and two for failure to state a claim.[3] Claims three, four, and five were dismissed *733 by summary judgment based on a failure to institute the claims timely under the applicable statute of limitations. For state law claims seven and eight, the magistrate specifically declined to exercise any pendent jurisdiction and dismissed, without prejudice, the state law claims.

FRAUD CLAIMS
Plaintiffs relied on the same essential factual allegations for their fraud claims in both federal and state court. On the issue of the fraud allegations of the federal complaint, the magistrate reviewed the facts of evidence and granted summary judgment based on the expiration of a statute of limitations. In written reasons, the magistrate specifically found that the original state petition failed to allege fraud and noted that the plaintiffs asserted that they had no knowledge, and could not have known or discovered the acts of fraudulent or intentional misrepresentations, until September of 1996. Citing 15 U.S.C. 77m and Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson, 501 U.S. 350, 111 S.Ct. 2773, 115 L.Ed.2d 321 (1991)[4], as authority for a one year statute of limitations, the magistrate found that the plaintiffs did discover or had sufficient facts to "cause a reasonable person to inquire further no later than a few days after August 22, 1995," more than one year from the filing of the federal complaint on October 21, 1996. In opposition to the finding that plaintiffs should have known or inquired under the alleged facts, plaintiffs argued that the defendants deliberately concealed the fraud, and thus the limitation period should be tolled until the plaintiff's actual discovery of the fraud. The magistrate answered that concealment did not relieve plaintiffs of their duty to be reasonably diligent. The magistrate also cited Lampf and noted an applicable final three year period of repose, apparently akin to our peremptive statutes, as a basis for rejection of plaintiffs' tolling argument. See La. C.C. arts. 3458, et seq.; Lampf, 111 S.Ct. at 2780-82. After finding that the limitation period had not tolled, the magistrate dismissed the federal securities fraud claims with prejudice.

TIME LIMITATIONS AND NATURE OF THE ACTION
To determine if the federal summary judgment dismissal based on the expiration of a statute of limitations was a claim preclusive judgment, we must first decide the nature of the state fraud action pled and the applicable Louisiana prescriptive period. Secondly, we must determine whether the applicable federal and state limitation periods and rules were sufficiently similar to trigger the doctrine of res judicata without denying plaintiffs their day in court.
A set of circumstances can give rise to more than one cause of action, and each of those causes has its own prescriptive period. Jackson v. Zito, 314 So.2d 401, 408 (La.App. 1st Cir.1975), overruled on other grounds by, Cherokee Restaurant, Inc. v. Pierson, 428 So.2d 995 (La.App. 1st Cir.), writ denied, 431 So.2d 773 (La.1983). The allegations and prayer of the petition determine the true nature of the action and the applicable prescriptive period. Insurance Storage Pool, Inc. v. Parish National Bank, 97-2757, p. 4 (La.App. 1 Cir. 5/14/99), 732 So.2d 815, 817; Aetna Life and Casualty Company v. Dotson, 346 *734 So.2d 762, 764 (La.App. 1st Cir.), cert. denied, 349 So.2d 1272 (La.1977).
"[T]here is no general duty to speak, but if someone does speak, she may be liable in tort if she makes an intentional or a negligent misrepresentation. Intentional misrepresentation is fraud ...." Frank L. Maraist & Thomas C. Galligan, Jr., Louisiana Tort Law § 5-7(h) (1996). Misrepresentation, intentional (as in fraud) or negligent, can be characterized as a delict recognizable under La. C.C. article 2315. See Wilder v. Wilder, 263 So.2d 730, 731 (La.App. 1st Cir.), application denied, 262 La. 1101, 266 So.2d 225 (1972); Bunkie Bank & Trust Company v. Johnston, 385 So.2d 1264, 1268 (La.App. 3d Cir.1980); see White v. Lamar Realty, Inc., 303 So.2d 598 (La.App. 2d Cir.1974); Kearney v. Maloney, 296 So.2d 865, 869-70 (La.App. 4th Cir.1974) (on limited rehearing); Guidry v. U.S. Tobacco Co., Inc., 188 F.3d 619, 627 (5th Cir.1999). Fraud can also be pled as a basis for a contractual action. See La. C.C. art.1953 (general definition of fraud found in section of the Civil Code on vices of consent to conventional obligations or contracts).
"Delictual actions are subject to a liberative prescription of one year." La. C.C. art. 3492. "Prescription runs against all persons unless exception is established by legislation" or the judicial doctrine of contra non valentem agere nulla currit praescriptio. La. C.C. art. 3467 & Revision Comments-1982 (d); see Corsey v. State, Department of Corrections, 375 So.2d 1319 (La.1979). Under the doctrine of contra non valentem, courts dispense with prescription in the interests of justice under special circumstances. For example, prescription does not run against one who is ignorant of the facts upon which his cause of action is based, as long as such ignorance is not willful, negligent, or unreasonable. Krolick v. State, Department of Health and Human Resources, 99-2622, pp. 7-8 (La.App. 1 Cir. 9/22/00), 790 So.2d 21, 27, writ denied, XXXX-XXXX (La.2/9/01), 785 So.2d 829. Therefore, prescription does not commence until the plaintiff has actual or constructive notice of the tortious act, the resulting damage, and the causal connection between the two. Krolick, 99-2622 at p. 6, 790 So.2d at 26. When a party has sufficient information to incite curiosity, to excite attention, or to put a reasonably minded person on guard and call for inquiry, he or she has the constructive knowledge necessary to start the running of prescription. Krolick, 99-2622 at p. 8, 790 So.2d at 27. Another exception to prescription is triggered if a fiduciary or the "debtor himself did some act that effectually prevented the creditor [or principle] from availing himself of his cause of action ...." Hendrick v. ABC Insurance Company, 2000-2349, 2403, p. 10 (La.5/15/01), 787 So.2d 283, 290. "If suspicions are aroused, and the fiduciary quiets the suspicions through a misrepresentation of facts, deception, or affirmative concealment, the principal is entitled to rely upon the fiduciary." Plaquemines Parish Commission Council v. Delta Development Company, Inc., 502 So.2d 1034, 1059 (La.1987); Hendrick, 2000-2349 at p. 13, 787 So.2d at 291-92.
Based on the true characterization of the allegations of fraud in the state pleadings, the action alleged was the intentional tort of fraudulent misrepresentation. The factual allegations were directed toward a recovery of damages, and not asserted as a basis for contract recession or another identifiable cause of action with a longer prescriptive period. In the amended state petition, plaintiffs alleged that defendants perpetrated a fraud by: (1) "inducing them to assign their interest in a valuable oil and gas property through a series of false and misleading statements," *735 and (2) "by concealing the nature of the initial and subsequent transactions." Additionally, in the prayer of the state amended petition, plaintiffs make an alternative plea for a finding of negligence, if intentional, or fraudulent, misrepresentation was not found. Thus, the prescriptive period for torts, Civil Code article 3492, is applicable.
The magistrate relied on a one year limitation period, dependent on when the plaintiffs knew or should have known, similar to the applicable Louisiana prescriptive period. See La. C.C. art. 3492; Krolick, 99-2622 at pp. 6 & 8, 790 So.2d at 26 & 28. However, the magistrate refused to consider the argument of tolling based on acts of the defendants; an exception recognized in Louisiana. See Hendrick, 2000-2349 at pp. 10-13, 787 So.2d at 290-91.
But for the plaintiffs' allegations in the federal court that defendants intentionally concealed the alleged fraud, this court may have found that the doctrine of res judicata applied to the state fraud claims. Although not a ruling on the substantive merits, the federal magistrate's review of the same facts alleged in both actions, and the similarity of the time limitation and general discovery rules, possibly allowed plaintiffs a fair opportunity to present their claim to the court. A filing in state court of the same claim between the same parties based on the same facts and governed by statutory and jurisprudential procedural rules that would provide the same result may trigger the bar of res judicata. However, the plaintiffs did assert acts of concealment, and the effect of those allegations upon the prescriptive period in Louisiana must be considered.
The magistrate held that plaintiffs had a reasonable factual basis to require further investigation, regardless of the alleged acts of concealment by the defendants. If it is found that defendants' acts did not rise to the level of concealment, the same result may issue in state court. See Adams v. Ochsner Clinic of Baton Rouge, 99-2502, pp. 4-5 (La.App. 1 Cir. 11/3/00), 771 So.2d 258, 260-61, writ denied, XXXX-XXXX (La.1/12/01), 781 So.2d 558. However, the record contains no evidence that the federal court considered the effect of the alleged acts of concealment or considered if any existing fiduciary relationship was used by defendants to quiet the plaintiffs' suspicions, and thereby lessened or negated the plaintiffs' duty to inquire further. See Plaquemines Parish Commission Council, 502 So.2d at 1059-60. With the outcome dependent on Louisiana's interpretation and application of the state concept of contra non valentem, the federal and state time limitation rules are too different to foster both the goals of res judicata and the plaintiffs' right to present his claim to a court. Defendants may not justly deny plaintiffs their day in court by erecting only a procedural screen. See Billiot v. LeBeouf Brothers Towing Company, 93-1697, p. 6 (La.App. 1 Cir. 6/24/94), 640 So.2d 826, 829, writ denied, 94-2367 (La.12/9/94), 647 So.2d 1108; Murray, Murray, Ellis, Braden & Landry v. Minge, 516 So.2d 213, 215 (La.App. 4th Cir.1987) (dismissal on motion to intervene timely was not a ruling on the merits, but only a procedural bar that did not support exception of res judicata), writ denied, 516 So.2d 369 (La.1988). The inclusion of a period of repose also differentiates the federal time limitation provision. Therefore, the federal summary judgment dismissal based on the expiration of a federal statute of limitations, which differs in an essential manner from the state provisions, does not operate as a claim preclusive judgment to the state fraud claims. For these reasons, we must remand the fraud claims to the district court. Whether the prescriptive period on the fraud claims has run under *736 Louisiana precepts is another question not before this court.

STATE LAW CLAIMS
Finally, we are left with the question of what state law claims, if any, were precluded by the doctrine of res judicata. Applying the legal precepts to the facts evinced by the record before us, the named state law claims brought in the federal complaint are not barred by res judicata. The asserted state law claims of misconduct, gross negligence, and breaches of fiduciary duty were reserved to the plaintiffs by the magistrate's refusal to exercise jurisdiction and the dismissal without prejudice.[5] It is evident from this record that the federal court did not resolve or intend to resolve the named state law claims.
Defendants next argue that any state claims not specifically raised or named in the federal complaint were lost. However, we see no basis or reason to bar any unresolved state claims arising from plaintiffs' well-pleaded factual allegations.
Generally,
if a set of facts gives rise to a claim based on both state and federal law, and the plaintiff brings the action in a federal court which had "pendent" jurisdiction to hear the state cause of action, but the plaintiff fails or refuses to assert his state law claim, res judicata prevents him from subsequently asserting the state claim in a state court action, unless the federal court clearly would not have had jurisdiction to entertain the omitted state claim, or, having jurisdiction, clearly would have declined to exercise it as a matter of discretion. (Emphasis added.)
Reeder, 623 So.2d at 1272-73; see also Terrebonne Fuel & Lube, 95-0654 at p. 15, 666 So.2d at 633. In this case, the federal magistrate declined pendent jurisdiction and dismissed state claims without prejudice. Defendants did not pursue an appeal.
In his written reasons, the magistrate based his decision to decline jurisdiction on (1) the dismissal of all federal claims, (2) trial that was months away with no pretrial order entered, (3) the magistrate's lack of substantial "familiarity" with the merits, and (4) the absence of "undue inconvenience" to the parties. The federal magistrate's reasons for refusing pendent jurisdiction apply equally as well to the unraised state law claims. Thus, we find that the magistrate would have declined to exercise pendent jurisdiction over any state claim, raised or not. Additionally, Louisiana is a fact pleading state that traditionally favors substance over form in the interest of justice. La. C.C.P. arts. 854, 862, 865, and 2164; Boudreaux v. Allstate Finance Corporation, 217 So.2d 439, 444 (La.App. 1st Cir.1968). In Louisiana, recovery may be granted under any legal theory supported by the facts. Insurance Storage Pool, Inc., 97-2757 at p. 9, 732 So.2d at 821. Thus, claims arising from plaintiffs well-pleaded allegations are not barred by the doctrine of res judicata. This is not to say that the remaining causes of action are not subject to any other exception or challenge allowed under our laws.
For these reasons, we reverse the district court's sustaining of the exception of res judicata and dismissal of the amended petition. The amended petition is reinstated, and the case remanded to the district court for further proceedings consistent with this opinion. The costs of the appeal *737 are assessed to defendant-appellees, BSFI and Mr. Brantley.
REVERSED AND REMANDED.
NOTES
[1] Judge William F. Kline, Jr. (retired) and Judge Walter I. Lanier, Jr. (retired) are serving as judges pro tempore by special appointment of the Louisiana Supreme Court.
[2] Although the federal rules on res judicata are controlling, the general analysis would be similar under the applicable state law of res judicata, found in La. R.S. 13:4231. The court would employ the same "common nucleus of operative fact" or "transaction" test. Billiot v. LeBeouf Brothers Towing Company, 93-1697, pp. 3-5 (La.App. 1 Cir. 6/24/94), 640 So.2d 826, 828-29, writ denied, 94-2367 (La.12/9/94), 647 So.2d 1108. As with the federal precepts, La. R.S. 13:4232 A provides some exceptions to the general rule of res judicata "[w]hen exceptional circumstances justify relief," "the judgment dismissed the first action without prejudice," or "reserved the right of the plaintiff to bring another action." See Terrebonne Fuel & Lube, Inc. v. Placid Refining Company, 95-0654 & 0671, p. 13 & n. 4 (La.1/16/96), 666 So.2d 624, 632.
[3] Though not at issue here, the RICO claims, alleging a pattern of racketeering not asserted in the state action, were dismissed for failure to state a claim. The RICO claims were adjudications on the merits that acted as claim preclusive judgments in either the state or federal systems.
[4] Lampf was partially superseded by 15 U.S.C. § 78aa-1 (1998). Congress disallowed retroactive application of the limitation periods announced by Lampf to cases filed before June 19, 1991. Griggs v. Pace American Group, Inc., 170 F.3d 877, 881 n. 3 (9th Cir.1999).
[5] Defendants had notice of the dismissal without prejudice, but did not appeal the reservation of the state claims. See Terrebonne Fuel & Lube, 95-0654 at 16, 666 So.2d at 634.