882 So.2d 676 (2004)
BOBBY AND RAY WILLIAMS PARTNERSHIP, L.L.P., Plaintiffs-Appellants
v.
The SHREVEPORT LOUISIANA HAYRIDE COMPANY, L.L.C., et al, Defendants-Appellees.
No. 38,866-CA.
Court of Appeal of Louisiana, Second Circuit.
September 22, 2004.
*677 William D. Dyess, Natchitoches, for Appellants.
William A. Lanigan, III, Shreveport, for Appellees, Margaret L. Warwick, Alton Warwick, Warwick Productions Inc., The Shreveport Louisiana Hayride Company, L.L.C.
Before BROWN, STEWART and DREW, JJ.
STEWART, J.
In this continuing trademark dispute, Bobby and Ray Williams Partnership, L.L.P., and Bobby Williams, individually, (herein referred to together as "Williams") appeal the denial of an exception of res judicata and an adverse judgment on a reconventional demand by The Shreveport Louisiana Hayride Company, L.L.C., Warwick Productions, Inc., Margaret Lewis Warwick, and Alton Warwick, (herein referred to collectively as the "Warwicks"). For the following reasons, we vacate the judgment in part and affirm in part.

FACTS
Our recent opinion in Bobby and Ray Williams Partnership, L.L.P. v. The Shreveport Louisiana Hayride Co., L.L.C., et al., 38,224 (La.App.2d Cir.4/21/04), 873 So.2d 739, sets forth the contentious history and salient facts surrounding this dispute over rights to "The Louisiana Hayride" trademark. This part of the litigation involves the Warwicks' reconventional demand for injunctive relief and damages due to Williams' alleged interference with their use of the mark.
The Warwicks alleged that the trademark had been abandoned when Louisiana Hayride Productions, Ltd., Williams' predecessor to the mark, ceased doing business in 1987, and that they were the first to then use the trademark in commerce at a date no later than January 16, 1992. The Warwicks further alleged that Williams has never used the trademark in commerce and that he has no recognizable federal or state trademark rights. In addition, the Warwicks alleged that Williams' interference with their use of the trademark has damaged their reputations, constituted dilution and infringement of the trademark, and violated state law dealing with trademarks and unfair trade practices. The Warwicks filed a motion for summary judgment on their demand.
Williams opposed the motion for summary judgment and filed an exception of res judicata. Williams argued that the reconventional demand "is found on the same cause of action, demands the same thing, and is between the same parties and formed by them in the same quality as" the federal litigation which resulted in a settlement, consent judgment, and order of dismissal in 1997.
Following a hearing, the trial court denied Williams' exception of res judicata and granted the Warwicks' motion for summary judgment upon finding no genuine issue of material fact and finding the Warwicks entitled to both declaratory and injunctive relief. In rendering declaratory judgment, the trial court made the following findings:
1. Louisiana Hayride Productions, Ltd., abandoned the trademark when it ceased doing business in August 1987;
2. Warwick was the first to then use the trademark in commerce;

*678 3. By virtue of being the first to use the trademark in commerce after its abandonment, Warwick obtained the right to be the exclusive user of the trademark;
4. The federal consent judgment allowed Williams the right to use the trademark subject to a concurrent use agreement that had not yet been confected by the parties;
5. Williams must obtain a concurrent use agreement before having any right to use the trademark; and
6. Williams' right to now enter a concurrent use agreement with Warwick is a matter residing with the federal district court.
The judgment enjoined Williams from using the trademark in any manner until a concurrent use agreement is confected, from interfering with or protesting the Warwicks' use or enjoyment of the trademark, and from making any claim of ownership of the trademark.
Following this favorable judgment, the Warwicks dismissed their remaining claim for damages. Williams' appeal of the trial court's denial of his exception of res judicata and granting of the Warwicks' motion for summary judgment is now before this court.

DISCUSSION

Res Judicata
Asserting that the Warwicks' reconventional demand involved the same claims as in the prior federal litigation, Williams contends that the trial court erred in denying his exception of res judicata. Because the exception addresses the preclusive effect of a federal consent decree, we must first determine whether state or federal res judicata law applies.
Our state jurisprudence recognizes that federal law must be applied in determining whether a judgment rendered by a federal court has res judicata effect. Terrebonne Fuel & Lube, Inc. v. Placid Refining Co., 95-0654 (La.1/16/96), 666 So.2d 624, (federal res judicata law applied to judgment by court which exercised federal question jurisdiction); Pilie & Pilie v. Graham, 547 So.2d 1305 (La.1989), (federal res judicata law applied to judgment by court which exercised diversity jurisdiction); McCollough v. Dauzat, 98-1293 (La.App. 3d Cir.3/3/99), 736 So.2d 914; and Gilbert v. Visone, 30,204 (La.App.2d Cir.2/25/98), 708 So.2d 496. Because the prior federal proceeding involved an exercise of federal question jurisdiction with pendant jurisdiction over state law claims, we find the federal res judicata law to be applicable in determining the preclusive effect of the consent judgment and dismissal.
Under federal res judicata law, also known as claim preclusion, a prior judgment bars an action on the basis of res judicata if the same parties were involved in both suits, the prior judgment was rendered by a court of competent jurisdiction, the prior decision was a final judgment on the merits, and both suits involved the same cause of action. Nilsen v. City of Moss Point, 701 F.2d 556 (5th Cir.1983); Steve D. Thompson Trucking, Inc. v. Dorsey Trailers, Inc., 870 F.2d 1044 (5th Cir.1989); Terrebonne, supra. Under federal law, consent judgments freely negotiated by the parties have the full effect of res judicata. Bayou Fleet, Inc. v. Alexander, 234 F.3d 852 (5th Cir.2000), cert. denied, 532 U.S. 905, 121 S.Ct. 1228, 149 L.Ed.2d 138 (2001); In re Gibraltar Resources, Inc., 210 F.3d 573 (5th Cir.2000).
The first three elements of res judicata are not in dispute. The disputed issue is whether both suits involve the same cause of action. The critical issue in determining *679 whether the same cause of action is involved in both suits is whether the actions are based on the same nucleus of operative facts. Travelers Ins. Co. v. St. Jude Hosp. Of Kenner, La., Inc., 37 F.3d 193 (5th Cir.1994), rehearing denied, 41 F.3d 666 (5th Cir.1994), cert. denied, 514 U.S. 1065, 115 S.Ct. 1696, 131 L.Ed.2d 559 (1995); Eubanks v. FDIC, 977 F.2d 166 (5th Cir.1992). This determination involves a transactional analysis that focuses on "the factual predicate of the claims asserted, not the legal theories upon which the plaintiff relies." Eubanks, 977 F.2d at 171. Res judicata bars all claims that were or could have been advanced in support of the cause of action during the former adjudication. Travelers Ins. Co., supra; Nilsen, supra.
Williams contends that the Warwicks' reconventional demand involved the same parties, same cause of action or occurrence, and same demands as the prior federal litigation which resulted in a settlement agreement, consent decree, and order of dismissal in 1997. Williams asserts that the federal court pleadings included a claim for trademark infringement and that the litigation sought to determine the validity of the parties' trademark rights. As such, these claims are now barred by res judicata. Williams contends that this dispute is governed by the settlement agreement and consent judgment, which he believes recognizes his rights to "The Louisiana Hayride" trademark.[1]
The Warwicks contend that their reconventional demand sought to have the trial court determine the rights, status, and legal relations regarding "The Louisiana Hayride" trademark by examining the federal settlement agreement and related decrees. Moreover, the Warwicks assert that the demand sought relief for acts of harassment that occurred after the 1997 settlement agreement and that such acts are different transactions from any involved in the former federal litigation. For these reasons, they contend that the trial court properly denied the exception.
Our review of the record, which includes the settlement agreement, consent decree, dismissal, and pleadings from the former federal litigation, convinces us that Williams' exception of res judicata should have been granted as to some of the claims asserted by the Warwicks in the reconventional demand. Contrary to the Warwicks' assertion that their demand sought to have the trial court determine the parties' rights regarding the mark by examining the federal settlement agreement and related decrees, we find that much of the Warwicks' complaint involves the same subject matter and is based on the same facts as the federal litigation. At the heart of the federal litigation was a determination of the parties' respective rights to use of "The Louisiana Hayride" trademark. Included in the federal litigation were the Warwicks' claims that the trademark had been abandoned, that the sheriff's sale to Williams did not convey the goodwill associated with the trademark, and that Williams had no substantive rights as he had not used the mark in commerce or obtained substantive rights in the mark through his state registration. The Warwicks also claimed that they had been the first to use the mark in commerce after abandonment of the mark by Williams' predecessor to the state registrations. The Warwicks relied, in part, on this same nucleus of operative facts in their reconventional *680 demand to have the trial court declare that they have the right to be exclusive user of the trademark. However, this same claim regarding the ultimate right to use the trademark was asserted in the federal proceeding and resolved when the federal proceeding was dismissed after the parties entered a voluntary settlement agreement and consent decree.
We find the Warwicks' claim regarding the validity of the parties' respective rights to "The Louisiana Hayride" trademark is now barred by res judicata. The federal litigation encompassed this same claim, which was settled by the parties. The settlement agreement and consent decree now govern the parties' relationship and rights with regard to the trademark. Our finding requires that we vacate that part of the trial court's judgment declaring that Louisiana Hayride Productions, Ltd., abandoned the trademark, that Warwick was the first to use the trademark in commerce after abandonment, and that Warwick thereby obtained the right to be the exclusive user of the mark. These declarations, which determine the Warwicks' rights to the mark, constitute resolution of a claim that is barred by res judicata.

Summary Judgment
In their motion for summary judgment, the Warwicks alleged the 1997 settlement agreement "provided an opportunity for Williams to obtain a limited right to use the `Louisiana Hayride' trademark for entertainment products only." They further alleged that Williams refused to enter a concurrent use agreement, which was a condition of the settlement, and thereby lost the opportunity to use the mark or object to their use of the mark. The Warwicks sought summary judgment to enjoin Williams from interfering with or defaming their use of the trademark, from harassing their sponsors or partners, and from using the trademark. They submitted the 1997 settlement agreement and consent judgment, along with a number of affidavits and other exhibits, in support of their motion.
Williams contends that the trial court erred in granting the Warwicks' motion for summary judgment. Williams asserts that the settlement agreement and consent judgment recognize his rights to "The Louisiana Hayride" trademark. He also asserts that there are genuine issues of fact as to why no concurrent use agreement has been confected.
A motion for summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact for trial and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B); Babin v. Winn-Dixie Louisiana, Inc., XXXX-XXXX (La.6/30/00), 764 So.2d 37. The summary judgment procedure is favored and "is designed to secure the just, speedy, and inexpensive determination of every action...." La. C.C.P. art. 966(A)(1). A de novo review is conducted to determine whether summary judgment is appropriate. Jones v. Estate of Santiago, 03-1424 (La.4/14/04), 870 So.2d 1002.
We have reviewed the numerous exhibits submitted by the parties in support of and in opposition to summary judgment and find that the federal settlement agreement, consent judgment, and order of dismissal are the keys to this matter. The consent judgment signed by the federal district judge on August 11, 1997, sets forth the parties' settlement agreement as follows:
IT IS ORDERED, ADJUDGED AND DECREED, that the Plaintiffs, THE *681 SHREVEPORT LOUISIANA HAYRIDE COMPANY, L.L.C., WARWICK PRODUCTIONS INC., MARGARET LEWIS WARWICK, AND ARTHUR ALTON WARWICK, shall retain all their rights in all classifications and categories in and to their previously registered United States trademark known as, "THE SHREVEPORT LOUISIANA HAYRIDE."
IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that the Defendants, BOBBY AND RAY WILLIAMS PARTNERSHIP, shall have the exclusive right to ownership of a federally registered trademark "THE LOUISIANA HAYRIDE" for entertainment products only, which are defined as any article or good in whatever media that currently exist or shall exist hereafter, which may be sold, leased, or licensed in the stream of commerce and which contains a representation, expression, a fixation or other embodiment derived from one or more of the assets in whole or in part, owned or otherwise controlled by BOBBY AND RAY WILLIAMS PARTNERSHIP or its assigns, subject to concurrent use agreement between BOBBY AND RAY WILLIAMS PARTNERSHIP and THE SHREVEPORT LOUISIANA HAYRIDE COMPANY, L.L.C. Further, BOBBY AND RAY WILLIAMS PARTNERSHIP is granted the exclusive right to register with the United States Patent and Trademark Office the trademark "THE LOUISIANA HAYRIDE" as a concurrent registration limited to entertainment products only, as defined above.
This decree recognizes the Warwicks' rights to all classifications and categories of their federally registered trademark ("The Shreveport Louisiana Hayride") and provides that Williams shall have an exclusive right to a concurrent federally registered "Louisiana Hayride" trademark for entertainment products only, subject to a concurrent use agreement. The phrase "subject to" is defined by Black's Law Dictionary, p. 1425 (West 6th Edition 1990), as meaning "(l)iable, subordinate, subservient, inferior, obedient to; governed or affected by; provided that; provided; answerable for." No concurrent use agreement has been confected by the parties. Under the settlement, Williams' trademark rights are subject to the concurrent use agreement. A fair reading of the clear language of the settlement and consent decree leads to the conclusion that a concurrent use agreement must be confected for Williams to take advantage of the limited trademark rights set forth in the agreement. The trial court correctly found that Williams must obtain a concurrent use agreement before having any right to use the trademark.
Williams asserts that there are genuine issues of fact as to why no concurrent use agreement has been confected. We note that the order of dismissal signed by the federal district court on July 4, 1997, states that "the court shall retain jurisdiction of this matter to enforce the terms of the settlement agreements entered into between the parties." We find that any issue concerning the parties' failure to uphold or abide by the terms of the settlement, including their failure to confect a concurrent use agreement, is a matter for the federal district court to address. We are limited to review of the settlement provisions to determine whether the Warwicks are entitled to the injunctive relief sought in their reconventional demand.
Williams also argues that the settlement did not affect his state trademark registrations and that the state trademark certificates are proof of his right to the trademark. However, the mere registration of a trademark confers only procedural rights; registration does not confer or create substantive ownership rights in the *682 mark. Givens Jewelers, Inc. v. Givens, 380 So.2d 1227 (La.App. 2d Cir.1980), writ denied, 383 So.2d 800 (La.1980). Substantive rights arise from use of the mark. Id. La. R.S. 51:211(H) states that a trademark is deemed to be "used" under the following circumstance:
(1) on goods when it is placed in any manner on the goods or their containers or the displays associated therewith or on the tags or labels affixed thereto and such goods are sold or otherwise distributed in the state, and
(2) on services when it is used or displayed in the sale or advertising of services and the services are rendered in this state.
In Bobby and Ray Williams Partnership, L.L.P. v. The Shreveport Louisiana Hayride, L.L.C., supra, this panel concluded that Williams failed to allege that he placed or displayed the trademark on goods sold or services performed in this state for purposes of demonstrating the required use of the mark under La. R.S. 51:211(H). Now we find that this record includes no showing of the required "use" of the trademark by Williams. In response to the trial court's questioning to find an issue of fact for trial as to Williams' use of the trademark, Williams' attorney admitted that he had no "reference to any specific date and time other than that he (Williams) attempted to market his product." From our review of the record, we find that Williams failed to come forward with evidence on summary judgment to show an issue for trial as to his use of the trademark for purposes of establishing substantive rights in the mark.
We find that the trial court did not err in granting summary judgment and awarding injunctive relief. Relief was warranted by the terms of the federal settlement agreement and by the lack of any genuine issue for trial on the Warwicks' reconventional demand.

CONCLUSION
For the reasons stated, we reverse the trial court's denial of Williams' exception of res judicata as to that portion of the reconventional demand seeking to litigate the validity of the parties' respective trademark rights. We otherwise affirm the grant of summary judgment and injunctive relief. Costs are to be divided equally between the parties.
VACATED IN PART AND AFFIRMED IN PART.
NOTES
[1] Williams also refers to the federal district court's memorandum ruling of April 8, 1999, as recognition of his trade mark rights. Our review shows this ruling to be limited to the issue of whether a television program is an entertainment product for purposes of the settlement agreement. It is not determinative of the scope of Williams' trademark rights.