# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 25-590

DAVID STANLEY

VERSUS

LAFAYETTE POLICE DEPARTMENT, ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20236430
HONORABLE MICHELE S. BILLEAUD, DISTRICT JUDGE

**********

### SHANNON J. GREMILLION
### JUDGE

**********

Court composed of Shannon J. Gremillion, Candyce G. Perret, and Charles G. Fitzgerald, Judges.

**AFFIRMED.**

**James E. Sudduth, III**
**Kourtney L. Kech**
**Sudduth & Associates**
**1109 Pithon Street**
**Lake Charles, LA 70601**
**(337) 480-0101**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
      **David Stanley**

**Kay A Theunissen**
**Mahtook & Lafleur**
**P. O. Box 3089**
**Lafayette, LA 70502**
**(337) 266-2189**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
      **Lafayette Police Department**
      **Scott Morgan**

**GREMILLION, Judge.**

Plaintiff/appellant, David Stanley, appeals the judgment maintaining the exception of res judicata filed by the Lafayette Police Department (LPD) and Scott Morgan in his capacity as its chief. For the reasons that follow, we affirm.

## FACTS

Stanley served as the president of the local police union. He asserts that he made two social media posts to the union's Facebook page that garnered unwanted attention from his superiors. The first voiced the union's opposition to a bill pending before the Louisiana Legislature. The second was a post praising law enforcement for the capture of high profile drug runners in a traffic stop. In both of these, Stanley asserts, he was acting as president of the union.

In May 2020, he was notified that he was the subject of an Internal Affairs investigation for violating LPD policies on social media, public relations, and "new relations policies." Stanley maintains that all of these posts were protected speech as a member of the police union.

In August, Stanley's commander informed him that he was being suspended for fourteen days as discipline for his social media activities. He appealed his suspension to the civil service board.

On August 20, 2020, Stanley filed a petition seeking injunctive relief against his discipline. The trial court granted Stanley's request for a temporary restraining order. LPD sought writs of supervisory review of the grant of the TRO. While this application was pending, Stanley was informed that he was being removed from K-9 duty to what he maintains is "an objectively worse position, in terms of both supervisory status, stature, and pay[.]"

This court denied LPD's writ application, finding that the temporary restraining order had expired by operation of La.Code Civ.P. art. 3604. *Stanley v. Lafayette City-Parish Consol. Gov't*, 20-475 (La.App. 3 Cir. 10/21/20) (unpublished writ).

In November 2020, Stanley filed a petition for preliminary injunction. LPD responded with exceptions of prematurity and lack of subject matter jurisdiction, given the proceedings before the civil service board. These exceptions were maintained by the trial court.

Stanley's appeal to the civil service board was heard in February 2022. His suspension was reduced to three days, and his transfer was sustained. On June 14, 2022, Stanley filed a complaint with the United States District Court for the Western District of Louisiana. He named LPD and Morgan as defendants in that suit. Stanley's complaint sought damages pursuant to 42 U.S.C.A. § 1983 for violating his rights under the First and Fourteenth Amendments. Although Stanley did not assert any claims based upon alleged violations of Louisiana law, his complaint did posit that the federal court had jurisdiction pursuant to, among other provisions, 28 U.S.C.A. § 1367(a), which governs "supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

The defendants filed motions to dismiss Stanley's complaint pursuant to Fed. Rule Civ P. 12(b). These motions argued that Stanley's constitutional claims were prescribed, that Stanley had failed to state a claim upon which relief could be granted, and that the individual defendants enjoyed qualified immunity. The magistrate judge recommended granting the motion on the issue of prescription. In his objection to

the magistrate judge's report and recommendation, Stanley argued that his claim did not accrue until the civil service board acted on his appeal or, alternatively, that prescription was interrupted by the filing of his actions for injunctive relief.

The United States Court of Appeals for the Fifth Circuit certified the following question to the Louisiana Supreme Court in *Kling v. Hebert*, 60 F.4th 281, 288 (5th Cir. 2023):

> In Louisiana, under what circumstances, if any, does the commencement of a suit in a court of competent jurisdiction and venue interrupt prescription as to causes of action, understood as legal claims rather than the facts giving rise to them, not asserted in that suit?

The U.S. District Court stayed resolution of Stanley's case until the Louisiana Supreme Court answered the Fifth Circuit's question.

On November 13, 2023, Stanley filed the present matter in the Fifteenth Judicial District Court. In this matter, Stanley named only LPD and Morgan as defendants. LPD and Morgan responded with exceptions of lis pendens, no cause of action, and res judicata. Resolution of these exceptions was held in abeyance to await the supreme court's decision in *Kling*.

After *Kling* was decided, the U.S. District Court took up the defendants' motions and ruled that Stanley's federal case was prescribed. *Stanley v. Morgan*, No. 22-CV-1655 (W.D. La. 2/1/24) (2024 WL 396185) (unpublished opinion). The Fifth Circuit affirmed. *Stanley v. Morgan*, 120 F.4th 467 (5th Cir. 2024). The United States Supreme Court denied certiorari. *Stanley v. Morgan*, ___ U.S. ___, 145 S.Ct. 1314 (2025).

In May 2025, the trial court heard the exceptions in the present matter and maintained the defendants' exceptions of res judicata. This appeal followed.

3

# DISCUSSION AND ANALYSIS

At issue is the preclusive effect of the judgment of a federal district court in related state court proceedings.

> The courts of this state have repeatedly confirmed that federal law is applicable to consideration of whether a federal court judgment has res judicata effect. *See Terrebonne Fuel & Lube, Inc. v. Placid Ref. Co.,* 95-0654 (La.1/16/96), 666 So.2d 624; *Reeder v. Succession of Palmer,* 623 So.2d 1268 (La.1993) [*cert. denied,* 510 U.S. 1165, 114 S.Ct. 1191 (1994)]; *Bobby and Ray Williams P'ship, L.L.P. v. Shreveport Louisiana Hayride Co., L.L.C.,* 38,866 (La.App. 2 Cir. 9/22/04), 882 So.2d 676, *writ denied,* 04-2636 (La.12/17/04), 888 So.2d 875; *McCollough v. Dauzat,* 98-1293 (La.App. 3 Cir. 3/3/99), 736 So.2d 914. As explained in *Terrebonne Fuel & Lube,* 666 So.2d at 633, federal res judicata law indicates that a judgment bars a subsequent suit if the following requirements are satisfied: "1) both cases involve the same parties; 2) the prior judgment was rendered by a court of competent jurisdiction; 3) the prior decision was a final judgment on the merits; and 4) the same cause of action is at issue in both cases." There are, however, exceptions to the law of res judicata. *Id.* Namely, the law of res judicata may be inapplicable if there is an express reservation of a claim that the defendant acquiesces in or if the court in the first action expressly reserves the plaintiff's right to pursue a subsequent action. *Id.*

*Green v. Iberia Par. Sch. Bd.,* 06-1060, p. 3 (La.App. 3 Cir. 12/20/06), 945 So.2d 940, 943, *writ denied,* 07-111 (La. 3/16/07), 952 So.2d 697.

In the present matter, some elements that satisfy the federal criteria for res judicata are unequivocally present: the parties are the same; the United States District Court for the Western District of Louisiana was a court of competent jurisdiction; the cause of action is the same, as both state and federal constitutionally protected rights are allegedly at issue; and the judgment is final.

Stanley argues that *Griffin v. BSFI Western E & P, Inc.,* 00-2122 (La.App. 1 Cir. 2/15/02), 812 So.2d 726, should inform our decision. The facts of that case were:

> On June 17, 1996, plaintiffs, Robert Griffin and Eugene Russell, filed suit in state court against defendants, BSFI Western E & P, Inc.

(BSFI) and Joseph P. Brantley IV. The petition alleged claims of breaches of fiduciary duty, detrimental reliance, and willful misconduct or gross negligence arising from misrepresentations concerning a purported sale or assignment of plaintiffs' interests in an oil and gas field. In October of 1996, plaintiffs, among others, filed a suit in federal court asserting claims that arose from the same general transaction and nucleus of operative facts. In January of 1999, a federal magistrate judge issued an order, reasons, and judgment, which dismissed all remaining counts of the federal complaint [without prejudice]. On June 15, 1999, plaintiffs filed an amended petition in state court. The amended petition added the additional parties from the federal suit: Linda A. Griffin, Sheila Russell, and Russell Resources, Inc. (Russell Resources) as plaintiffs; and Southfork Investments, Inc. (Southfork) as a defendant. The amended petition substantially fleshed out the factual allegations, including a description of an operating agreement entered into by various parties, including Mr. Brantley, BSFI, and plaintiffs. The operating agreement covered leases and third party contracts taken in the name of either BSFI or Southfork "for the benefit of the working interest participants . . . ." The working interest participants included Mr. Griffin, Southfork, and Russell Resources. In the amended petition, plaintiffs asserted claims of breach of contract, unfair trade practices, fraud, unjust enrichment, and gross negligence.

On September 27, 1999, defendants filed a peremptory exception raising the objection of res judicata as to the claims asserted in the amended petition. The objection of res judicata was submitted on briefs. By judgment dated May 16, 2000, and subsequently designated a final judgment, the state court sustained the exception and dismissed, with prejudice, all claims alleged in the amended petition.

*Id*. at 729–30. The magistrate judge's judgment was the result of a motion for summary judgment based on prescription. While the plaintiffs had alleged that the defendants had intentionally concealed their fraud, nothing in the record indicated that the magistrate judge considered these allegations, which would have implicated the doctrine of *contra non valentem*. The first circuit found, "the federal summary judgment dismissal based on the expiration of a federal statute of limitations, which differs in an essential manner from the state provisions, does not operate as a claim preclusive judgment to the state fraud claims." *Id*. at 735.

The first circuit stated that whether a dismissal based upon prescription represents a judgment on the merits is less clear than one based on, for instance,

5

failing to state a claim on which relief may be granted. When a set of facts gives rise to causes of action with potential state and federal remedies, each of which has a different prescriptive period, *Griffin* indicates that the determination in federal court that a case is barred by statute of limitations is not necessarily res judicata as to the state action.

To prevail, then, Stanley needs to convince this Court that a *Griffin* analysis is required and that under *Griffin* he would prevail. We agree with the first proposition and will perform a *Griffin* analysis. However, we find that the issues of prescription implicated by the state cause of action are identical to those presented in the federal claim. Thus, we cannot say that Stanley was denied his day in court.

The prescriptive period of claims brought pursuant to 42 U.S.C.A. § 1983 are borrowed from state law. *Redburn v. City of Victoria*, 898 F.3d 486 (5th Cir. 2018). Actions under § 1983 are considered torts, and at all times pertinent to this case, the prescriptive period for tort actions were governed by La.Civ.Code art. 3492, which provided for a one-year prescriptive period. *Stanley*, 120 F.4th 467. Stanley argues, though, that under *Griffin*, because he was required to exhaust his administrative remedies before the civil service board, the prescriptive period for his state law claims accrued differently than his federal claims under 42 U.S.C.A. § 1983; thus, the federal court's judgment is not res judicata as to those state law claims. This argument assumes that Stanley was required to exhaust his civil service remedies before he could file suit for damages.

We note that *Griffin* can be distinguished from the present case because, as stated by the magistrate judge, the fraud allegations asserted in the state proceedings but not asserted in the federal court could not have been discovered until after the applicable prescriptive period had lapsed. Further, the magistrate judge in *Griffin*

6

had declined to exercise pendent jurisdiction over some of the claims. In the present matter, the possibility of the U.S. District Court exercising pendent jurisdiction was foreclosed because Stanley did not assert his state claims in that court. It is well established that a plaintiff who fails to assert claims over which the federal court would have pendent jurisdiction is prevented from asserting those claims in state court unless he can demonstrate that "the federal court clearly would not have had jurisdiction to entertain the omitted state claim, or, having jurisdiction, clearly would have declined to exercise it[.]" *Reeder*, 623 So.2d at 1273.

Defendants cite this Court's decision in *McCain v. City of Lafayette*, 98-1902 (La.App. 3 Cir. 5/5/99), 741 So.2d 720, *writ denied*, 99-1578 (La. 9/17/99), 747 So.2d 562, *cert. denied*, 528 U.S. 1118, 120 S.Ct. 939 (2000), for the proposition that subject matter jurisdiction was not divested from the state district court. McCain filed suit for damages against the City of Lafayette and several of his supervisors up to and including the mayor, claiming that his firing was the result of age discrimination. The defendants filed a motion for summary judgment asserting that McCain had no cause of action against the supervisors and that the district court lacked subject matter jurisdiction. The lower court granted summary judgment.

On appeal, after concluding that the applicable age-discrimination statutes do not afford a cause of action against individual supervisors, this Court addressed the issue of subject matter jurisdiction. The defendants had argued that McCain was required to assert his claims before the civil service board. We noted that this position poses two problems: 1) the civil service board is not empowered to hear claims that arise in tort, such as McCain's and 2) requiring a plaintiff to exhaust his administrative remedies before filing his tort suit could–as we see in the present

7

matter–"obviously continue past the applicable prescriptive period for causes of action in tort." *Id*. at 728.

> Due to this civil service process, an employee could lose all damages that could not be awarded by a civil service board, *e.g.* general damages, simply because the cause of action had prescribed. We find nothing to suggest that a city employee has any less right to assert entitlement to damages for tortious conduct than one employed by a private employer. . . . [T]he civil service board is powerless to award other damages sought by the plaintiff, *e.g.* general damages and loss of business reputation. In this regard, we conclude that the lower court had subject matter jurisdiction over these issues.

*Id*.

We turn to the test enunciated in *Griffin*, 812 So.2d 726. Claims brought pursuant to 42 U.S.C.A § 1983 are suits in tort. *City of Monterrey v. Del Monte Dunes at Monterrey, Ltd.*, 526 U.S. 687, 119 S.Ct. 1624 (1999); *Bank of New York Mellon v. Smith*, 11-60 (La.App. 3 Cir. 6/29/11), 71 So.3d 1034, *writ denied*, 11-2080 (la. 11/18/11), 75 So.3d 462. "Section 1983 claims brought in Louisiana generally borrow the state's one-year prescriptive period for delictual actions, as well as Louisiana's rules on interruption. *Davis v. Louisiana State Univ.*, 876 F.2d 412, 413 (5th Cir. 1989)." *Kling*, 60 F.4th at 285. The issue, as framed by Stanley, is whether the prescriptive periods applied by the state and federal courts are so similar as to warrant application of res judicata without denying the plaintiff his day in court.

Stanley maintains that they are not. *McCain*, 741 So.2d 720, indicates that they are. Because the civil service board does not have subject matter jurisdiction over Stanley's damage claims for infringement on his freedom of speech or expression, he was not required to exhaust his administrative remedies before pursuing his federal or state damage claims.

The judgment of the trial court is affirmed.  All costs of this appeal are taxed to plaintiff/appellant, David Stanley.

**AFFIRMED.**